IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-575-RGA |
| | ) | |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TVISION INSIGHTS, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)

OF COUNSEL:                                SHAW KELLER LLP
Jason Xu                                   I.M. Pei Building
RIMÔN LAW P.C.                             1105 North Market Street, 12th Floor
1990 K. Street, NW, Suite 420              Wilmington, DE 19801
Washington, DC 20006                       (302) 298-0700
(202) 470-2141                             arussell@shawkeller.com
                                           lgellar@shawkeller.com
Eric C. Cohen                              *Attorneys for Defendant*
RIMÔN LAW P.C.
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609
(984) 960-2860

Dated: July 18, 2025

**TABLE OF CONTENTS**

I.   Nature and Stage of The Proceedings ................................................................. 1

II.  Summary of Argument ....................................................................................... 1

III. Statement of facts .............................................................................................. 2

IV.  LEGAL STANDARD ........................................................................................ 3

      A.   Motion to Dismiss Under Rule 12(b)(6) .................................................. 3
      B.   Analysis Under 35 U.S.C. § 101 .............................................................. 3

V.   Argument ........................................................................................................... 5

      A.   Claim 17 of the '642 Patent Is Representative ......................................... 5
      B.   *Alice* Step 1: Claim 17 is Directed to the Abstract Idea of "Analyzing Network Data to Locate and Store the Identity of an Application on a Device" ............. 7
      C.   *Alice* Step 2: The Asserted Patent Does Not Claim an Inventive Concept ...... 10

VI.  Conclusion ........................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
  728 F.3d 1336 (Fed. Cir. 2013).................................................................4, 6, 10

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
  838 F.3d 1253 (Fed. Cir. 2016).................................................................................2

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
  97 F.4th 1371 (Fed. Cir. 2024) .................................................................................1

*Alice Corp. v. CLS Bank Int'l*,
  573 U.S. 208 (2014).................................................................................*passim*

*Appistry, Inc. v. Amazon.com, Inc.*,
  195 F. Supp. 3d 1176 (W.D. Wash., 2016) *aff'd sub nom. Appistry, LLC v.
  Amazon.com, Inc.*, 676 F. App'x 1008 (Fed. Cir. 2017)......................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................3

*Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*,
  687 F.3d 1266 (Fed. Cir. 2012).................................................................3, 5, 8

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018).................................................................4, 12

*Bilski v. Kappos*,
  561 U.S. 593 (2010).................................................................................................3

*BoardActive Corp. v. FourSquare Labs, Inc.*,
  2023 WL 2587688 (D. Del. Mar. 2023) ...................................................................8

*BroadSoft, Inc. v. CallWave Commc'ns, LLC*,
  282 F. Supp. 3d 771 (D. Del. 2017), *aff'd*, 739 Fed. Appx. 985 (Fed. Cir.
  2018) ........................................................................................................................6

*Chewy, Inc. v. IBM Corp.*,
  94 F.4th 1354 (Fed. Cir. 2024) .................................................................4, 9

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
  859 F.3d 1352 (Fed. Cir. 2017).................................................................................3

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
  776 F.3d 1343 (Fed. Cir. 2014).................................................................1, 5, 8

*Dealertrack, Inc. v. Huber*,
  674 F.3d 1315 (Fed. Cir. 2012).................................................................................10

*DeMarco v. DepoTech Corp.*,
  149 F. Supp. 2d 1212 (S.D. Cal. 2001)............................................................5

*Digital-Vending Servs. v. The Univ. of Phoenix*,
  672 F.3d 1270 (Fed. Cir. 2012)......................................................................5

*Elec. Power Grp. LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016).......................................................... 1, 4, 7, 9

*Fast 101 PTY Ltd. v. Citigroup Inc.*,
  424 F. Supp. 3d 385 (D. Del. 2020), *aff'd* 834 Fed. Appx. 591 (Fed Cir.
  2020), *cert denied*, 141 S. Ct. 2725 (2021)......................................................6

*First-Class Monitoring, LLC v. Ups of Am., Inc.*,
  389 F. Supp. 3d 456 (E.D. Tex. 2019).............................................................12

*Hewlett Packard Co. v. ServiceNow, Inc.*,
  2015 WL 1133244 (N.D. Cal. Mar. 10, 2015)..................................................12

*Internet Patents Corp. v. Active Network, Inc.*,
  790 F.3d 1343 (Fed. Cir. 2015)........................................................................4

*Mobile Acuity Ltd. v. Blippar Ltd.*,
  110 F.4th 1280 (Fed. Cir. 2024) ..............................................................*passim*

*Murphy v. Cadillac Rubber & Plastics, Inc.*,
  946 F.Supp. 1108 (W.D.N.Y. 1996) ................................................................5

*Nielsen Co. (US), LLC v. VideoAmp, Inc.*,
  2025 WL 961421 (D. Del. Mar. 31, 2025) ................................................10, 12

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020)........................................................................9

*RecogniCorp, LLC v. Nintendo Co.*,
  855 F.3d 1322 (Fed. Cir. 2017)........................................................................4

*Sanderling Management Ltd. v. Snap. Inc.*,
  65 F.4th 698 (Fed. Cir. 2023) .........................................................................9

*SAP Am., Inc. v. InvestPic, LLC*,
  898 F.3d 1161 (Fed. Cir. 2018)..............................................................9, 11, 12

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329 (Fed. Cir. 2017)........................................................................8

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3rd Cir. 2007) ...........................................................................3

*Yu v. Apple Inc.*,
  1 F.4th 1040 (Fed. Cir. 2021) ..........................................................................4

**Statutes**

35 U.S.C. § 101 ..................................................................................................... 3, 4, 6, 12

**Other Authorities**

Black's Law Dictionary 801, 1612 (6th ed.1990) ....................................................................... 5

Fed. R. Civ. P. 10 .................................................................................................................... 5

Fed. R. Civ. P. 10(c) ............................................................................................................... 5

Fed. R. Civ. P.12(b)(6) ........................................................................................................ 2, 3

Defendant TVision Insights, Inc. ("TVision") submits this brief in support of its motion to dismiss the Complaint filed by Plaintiff The Nielsen Company (US), Inc. ("Nielsen").  D.I. 1.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Nielsen filed the instant case against TVision on May 9, 2025, alleging infringement of U.S. Pat. No. 12,047,642 ("the '642 patent").  D.I. 1.  Because the allegations in its Complaint are predicated on patents that claim unpatentable subject matter, TVision files this Motion.

## II.  SUMMARY OF ARGUMENT

1.      Claim 17 is representative of other claims of the '642 patent.

2.      The '642 patent claims fail *Alice* step one because they are directed to the abstract idea of analyzing network data to locate and store the identity of an application on a device.  The processes of collecting, analyzing, associating, identifying**,** and storing data are abstract ideas.  *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("The concept of data collection, recognition, and storage is undisputedly well-known. Indeed, humans have always performed these functions."); *Mobile Acuity Ltd. v. Blippar Ltd*., 110 F.4th 1280, 1292-93 (Fed. Cir. 2024) ("As we have by now frequently held, claims reciting generalized steps of collecting, analyzing, and presenting information, using nothing other than the conventional operations of generic computer components, are directed to abstract ideas."); *AI Visualize, Inc. v. Nuance Commc'ns, Inc*., 97 F.4th 1371, 1378 (Fed. Cir. 2024) ("We have explained that the steps of obtaining, manipulating, and displaying data, particularly when claimed at a high level of generality, are abstract concepts."); *Elec. Power Grp. LLC v. Alstom S.A*., 830 F.3d 1350, 1353-54 (Fed. Cir. 2016) (holding that "collecting information, analyzing it, and displaying certain results of the collection and analysis" was an abstract idea).  The claims are directed to an abstract idea even if the information collection and analysis are limited to particular data.  *See Elec. Power Grp*.,

830 F.3d at 1353 ("Accordingly, we have treated collecting information, *including when limited to particular content (which does not change its character as information)*, as within the realm of abstract ideas." (emphasis added)); *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016) ("The Supreme Court and this court have repeatedly made clear that merely limiting the field of use of the abstract idea to a particular existing technological environment does not render the claims any less abstract.").

       3.      The '642 patent claims fail *Alice* step two because they recite only additional abstract ideas and/or implement the abstract idea on generic computer components used for their conventional purposes and therefore lack any inventive concept.

       4.      Because the '642 patent claims ineligible subject matter, TVision requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## III.      STATEMENT OF FACTS

       The '642 patent is titled "methods and apparatus to identify media presentation by analyzing network traffic." '642 patent, TITLE.

       Nielsen asserts claims 1-6 and 11-21 in this case. Among the asserted claims, there are four independent claims (claims 1, 12, 17, 21) and thirteen remaining dependent claims. Independent claim 17 recites the following:

> 17. A method for monitoring network traffic at a media exposure measurement location, wherein the method performed is by a network meter, wherein the network meter comprises a processor, and wherein the media exposure measurement location comprises a streaming device, the network meter, and a router separate from the network meter, wherein the streaming device, the network meter, and the router are connected to a local area network of the media exposure measurement location, the method comprising:
>
> > monitoring the local area network to identify the streaming device on the local area network, wherein the streaming device is accessing media from the Internet and providing the media to a television for presentation;
> >
> > based on identifying the streaming device, querying the streaming device to determine an active streaming application that is associated with a streaming

2

service and running on the streaming device; and

storing an identifier of the active streaming application.

*See id.* at 26:29-47.

Independent claims 1 (apparatus), 12 (non-transitory computer-readable storage medium), 21 (apparatus) all recite similar steps as those in claim 17 and with an addition of a processor and memory to perform the steps. *See id.* at 24:63-25:18; 25:59-26:13; 26:60-27:14.

## IV.    LEGAL STANDARD

### A.    Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint "must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3rd Cir. 2007) (citation omitted). Although factual allegations are taken as true, legal conclusions are given no deference—those matters are left for the court to decide. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the rule that allegations are taken as true on a motion to dismiss "is inapplicable to legal conclusions").

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017). In those situations, claim construction is not required to conduct a § 101 analysis. *Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101.").

### B.    Analysis Under 35 U.S.C. § 101

Section 101 of the Patent Act sets forth the categories of patentable subject matter: "any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101.

However, because abstract ideas form the "basic tools of scientific and technological work," they are not eligible for patenting. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). Courts analyze Section 101 patentability using the Alice two-step inquiry.

Under the first step of *Alice*, a court must decide whether the claims are directed to ineligible subject matter, such as an abstract idea. *RecogniCorp, LLC v. Nintendo Co*., 855 F.3d 1322, 1326 (Fed. Cir. 2017); *Internet Patents Corp. v. Active Network, Inc*., 790 F.3d 1343, 1346 (Fed. Cir. 2015). To do so, a court determines whether the claims' "focus" or "character as a whole" is an abstract idea. *Elec. Power Grp*., 830 F.3d at 1353. This determination entails "identify[ing] and defin[ing] whatever fundamental concept appears wrapped up in the claim[s]." *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) (internal quotation marks and citations omitted). When identifying the subject matter to which a patent claim is directed, courts "ask[] what the patent asserts to be the focus of the claimed advance over the prior art." *Yu v. Apple Inc*., 1 F.4th 1040, 1043 (Fed. Cir. 2021). After ascertaining the claims' character, the court determines whether it is "directed to a patent-ineligible concept" such as an abstract idea. *Alice*, 573 U.S. at 218.

If the claims are directed to an abstract idea, at step two the court "examine[s] the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Chewy, Inc. v. IBM Corp*., 94 F.4th 1354, 1365 (Fed. Cir. 2024) (quoting Alice, 573 U.S. at 221). In performing this analysis, courts consider the claim elements both "individually and as an ordered combination." *Id*. Elements that were well-understood, routine, and conventional cannot provide an inventive concept and confer eligibility. *Berkheimer v. HP Inc*., 881 F.3d 1360, 1367 (Fed. Cir. 2018). Nor can the abstract idea itself provide an inventive concept. *See, e.g., Mobile Acuity*, 110 F.4th at 1294 ("[T]he abstract idea cannot supply the inventive concept that

renders the invention 'significantly more' than that abstract idea at step two." (quotations omitted)).

## V.    ARGUMENT[1]

### A.    Claim 17 of the '642 Patent Is Representative

A court is not required to individually address all claims of a patent as long as the court identifies a representative claim and "all the claims are substantially similar and linked to the same abstract idea." *See Content*, 776 F.3d at 1348.

The asserted claim 17 of the '642 patent is representative. Other independent claims are substantially similar. Claims 1, 12, and 21 are virtually the same except that (1) claims 1, 12, and 21 are drafted in an apparatus and/or non-transitory computer-readable storage medium; and (2) claims 1 and 21 include a generic processor and memory as part of the apparatus. *See* '642 patent, 24:63-25:18; 25:59-26:13; 26:60-27:14; *Bancorp.*, 687 F.3d at 1277 (holding that district court had "correctly treated the asserted system and medium claims as no different from the asserted method claims for patent eligibility purposes" while reiterating that "the form of the claims should not trump basic issues of patentability"); *Digital-Vending Servs. v. The Univ. of Phoenix*, 672 F.3d 1270, 1275 n.1 (Fed. Cir. 2012) (treating claims to computer-readable medium as method claims, reasoning that "[s]uch functionally-defined claims should be treated as method claims to avoid exalting form over substance"); *see also*

---

[1] Nielsen relies on an expert declaration attached to its Complaint. However, this Court should not consider the Lee Declaration because it is not a written instrument. Rule 10 sets forth the form of a complaint, and notes that the pleading may be accompanied by a "written instrument." A written instrument within the meaning of Rule 10(c) "is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108, 1115 (W.D.N.Y. 1996) (citing Black's Law Dictionary 801, 1612 (6th ed.1990)). An expert declaration attached to a complaint is not a written instrument. *See, e.g., DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1221 (S.D. Cal. 2001) ("In sum, considering an expert affidavit would so complicate the procedural posture of a motion to dismiss that it would become virtually indistinguishable from a motion for summary judgment.").

*Accenture,* 728 F.3d at 1342 (affirming district court's decision on patent ineligibility of system claims "because the system claims offer no meaningful limitations beyond the method claims that have been held patent-ineligible"). Indeed, recasting method claims as system claims by including such generic and trivial computer components (*e.g.*, memory, processor) does not transform an abstract idea into a specific, limited implementation. *See CLS*, 717 F.3d at 1291 ("Despite minor differences in terminology ... the asserted method and system claims require performance of the same basic process. Although the system claims associate certain computer components with some of the method steps, none of the recited hardware offers a meaningful limitation beyond generally linking 'the use of the [method] to a particular technological environment,' that is, implementation via computers.").

All the asserted dependent claims are substantially similar to claim 17 and the other independent claims and describe minor variations of the claimed methods and apparatus. The asserted dependent claims merely recite additional information of the abstract idea, or further step(s)/information relating to the abstract idea. *See, e.g.*, claims 2, 13, 18 (transferring the identity of the application); claims 3-6, 14-16, 18-20 (further information about the data analysis and collection environment).

The Court can therefore rely on its analysis of asserted claim 17 of the '642 patent for purposes of determining that the asserted claims are not patent eligible. *See, e.g., Fast 101 PTY Ltd. v. Citigroup Inc.*, 424 F. Supp. 3d 385, 387-88 (D. Del. 2020), *aff'd* 834 Fed. Appx. 591 (Fed Cir. 2020), *cert denied*, 141 S. Ct. 2725 (2021) (finding claim 1 representative "[b]ecause all of the independent claims of the remaining patents recite the same concept . . . and the dependent claims offer only minor, non-technical variations"); *BroadSoft, Inc. v. CallWave Commc'ns, LLC*, 282 F. Supp. 3d 771, 779 (D. Del. 2017), *aff'd*, 739 Fed. Appx. 985 (Fed. Cir. 2018) (finding claim 1 representative of the asserted claims for purposes of Section 101 analysis).

**B.    *Alice* Step 1: Claim 17 is Directed to the Abstract Idea of "Analyzing Network Data to Locate and Store the Identity of an Application on a Device"**

As discussed above, the representative claim 17 is directed to the abstract idea of "analyzing network data to locate and store the identity of an application on a device." Claim 17 recites the following step: (1) monitoring the network and identifying the steaming device; (2) locating and identifying the streaming application on the streaming device; and (3) storing the identity of the streaming application. These information collection, analysis, association, identification, and storage steps are like those repeatedly held ineligible by the Federal Circuit. *See, e.g., Mobile Acuity*, 110 F.4th at 1293 (collecting cases). The following table summarizes the elements of representative claim 17 and the corresponding claimed ideas.

| Claim Language | Claimed Idea |
|---|---|
| 17. A method for monitoring network traffic at a media exposure measurement location, wherein the method performed is by a network meter, wherein the network meter comprises a processor, and wherein the media exposure measurement location comprises a streaming device, the network meter, and a router separate from the network meter, wherein the streaming device, the network meter, and the router are connected to a local area network of the media exposure measurement location, the method comprising: | |
| monitoring the local area network to identify the streaming device on the local area network, wherein the streaming device is accessing media from the Internet and providing the media to a television for presentation; | Monitoring network data and identifying streaming device |
| based on identifying the streaming device, querying the streaming device to determine an active streaming application that is associated with a streaming service and running on the streaming device; and | Locating and identifying streaming application |
| storing an identifier of the active streaming application. | Storing identity of the streaming application |

The Federal Circuit has "frequently held [that] claims reciting generalized steps of collecting, analyzing, and presenting information, using nothing other than the conventional operations of generic computer components, are directed to abstract ideas." *Mobile Acuity Ltd. v. Blippar Ltd*., 110 F.4th 1280, 1293 (Fed. Cir. 2024*); see also, e.g., Elec. Power Grp., LLC v. Alstom S.A*., 830 F.3d 1350, 1353–54 (Fed. Cir. 2016) (holding claim covering "gathering

and analyzing information of a specified content, then displaying the results" was directed to

abstract idea); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776

F.3d 1343, 1347 (Fed. Cir. 2014) ("[W]e agree with the district court that the claims of the

asserted patents are drawn to the abstract idea of 1) collecting data, 2) recognizing certain data

within the collected data set, and 3) storing that recognized data in memory."). Courts have

also repeatedly held claims that require "associating" information to be directed to abstract

ideas. *See, e.g., Mobile Acuity*, 110 F.4th at 1292-93 (holding that claims reciting the step of

"associating" information with an image in a database were abstract); *BoardActive Corp. v.

FourSquare Labs, Inc.*, C.A. No. 22-597-JDW, 2023 WL 2587688, at *4 (D. Del. Mar. 2023)

(holding ineligible claims that recited step of "associating content with a geolocation"). The

Court has also found storage of data to be an abstract idea. *See Bancorp Serv. LLC v. Sun Life

Assur. Co. of Canada*, 687 F.3d 1266, 1280-81 (Fed. Cir. 2012) ("digital storage" claims held

to be patent-ineligible). Because the asserted claims are directed to the collection, analysis,

association, identification, and storage of data, they are directed to an abstract idea.

Claim 17 just uses functional language in general but does not disclose how to identify

the streaming device, how to query to determine the running streaming application, or how the

identifier is stored. The Federal Circuit has held similar claims, using result-based functional

language at a high level, are directed to an abstract idea. *See, e.g., Two-Way Media Ltd. v.

Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017) ("The claim requires

the functional results of 'converting,' 'routing,' 'controlling,' 'monitoring,' and 'accumulating

records,' but does not sufficiently describe how to achieve these results in a non-abstract

way."); *Mobile Acuity Ltd.*, 110 F.4th at 1292-93 (claims consisting "solely of result-oriented,

functional language and [that] omit any specific requirements as to how these steps of

information manipulation are performed" covered patent ineligible subject matter because

"claims reciting generalized steps of collecting, analyzing, and presenting information, using

nothing other than the conventional operations of generic computer components, are directed to abstract ideas.").

Limiting the collection, analysis, association, identification, and storage of information to any "particular content" or "particular source" (*e.g.*, network/Internet, television, streaming device) does not remove claims from "the realm of abstract ideas." *See Elec. Power*, 830 F.3d at 1354 (finding that, as part of the Alice step one analysis, claims directed to "collecting information, including when limited to a particular content" are drawn to abstract ideas); *see also SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018) ("[E]ven if a process of collecting and analyzing information is limited to particular content or a particular source, that limitation does not make the collection and analysis other than abstract."); *Sanderling Management Ltd. v. Snap. Inc.*, 65 F.4th 698, 703 (Fed. Cir. 2023) (holding claims patent ineligible despite requirements to collect and match global positioning system location data). Indeed, claims requiring the collection and analysis of specific information still recite the abstract idea of collecting and analyzing information. *See Elec. Power*, 830 F.3d at 1351-54 (holding ineligible claims that recited the collection of specifically identified information, including "frequency instability, voltages, power flows, phase angles, damping, and oscillation nodes"). Thus, limiting the scope of information collected, monitored, analyzed by the claimed invention does not render the claims patent eligible.

Claim 17 is also directed to an abstract idea because it uses computers as a tool rather than providing a specific improvement in computer functionality. *See, e.g., Chewy*, 94 F.4th at 1365-66 (holding claims directed to an abstract idea when they were "not directed to any challenges unique to computer networks, or specific improvements to the functionality of the computer itself"); *Sanderling Management*, 65 F.4th at 703 (holding claims directed to an abstract idea when they used computers as a "tool to identify when a condition is met and then distribute information based on satisfaction of that condition"); *Packet Intelligence LLC v.*

9

*NetScout Sys., Inc*., 965 F.3d 1299, 1309-10 (Fed. Cir. 2020) (holding that claims were not directed to an abstract idea when the focus of the claims was "a specific improvement in computer technology: a more granular, nuanced, and useful classification of network traffic.") The '642 patent does not purport to improve the functioning of networks, streaming device, television, media, streaming application, storage, or any other computer components. "Because claim [21] . . . does not improve the function or capabilities of the instruments whose data it uses, it cannot be considered an improvement to computer technology." *See Nielsen Co. (US), LLC v. VideoAmp, Inc*., C.A. No. 24-123-RGA, 2025 WL 961421, at *5 (D. Del. Mar. 31, 2025) (Nielsen I). It is thus directed to an abstract idea.

### C.    *Alice* Step 2: The Asserted Patent Does Not Claim an Inventive Concept

The asserted claims also fail the second step of the *Alice* test because they contain no "inventive concept," *i.e.*, an element or combination of elements sufficient to transform the claimed abstract idea into patent-eligible subject matter. *See Alice*, 134 S. Ct. at 2355 ("We have described step two of this analysis as a search for an inventive concept -- *i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.") (internal quotation marks and brackets omitted). A claim reciting merely "well-understood, routine [and] conventional activities previously known to the industry" cannot provide an inventive concept. *Id*. at 2359 (internal quotations and citation omitted).

Claim 17 recites only generic components used in conventional ways: generic network, television, media, streaming device, and streaming application. '642 Pat. at Claim 17; *See Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("the important inquiry for a § 101 analysis is to look to the claim"), *cert. denied* (2014). The specification does not allege that any of these components is unconventional. *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012) (ineligible claims failed to

"specify how the computer [components] are specially programmed to perform" the abstract idea of an information clearinghouse). Other than the conventional components, the claims recite only the information collection, analysis, association, identification, and storage steps. But that is the abstract idea, and the abstract idea itself cannot provide the inventive concept. *See, e.g., Mobile Acuity*, 110 F.4th at 1294 ("[T]he abstract idea cannot supply the inventive concept that renders the invention 'significantly more' than that abstract idea at step two." (quotations omitted)).

Nielsen asserts that the '642 patent solves specific problems and provides specific improvements. Nielsen further argues that "it was not well-understood, routine, or conventional among those of skill in the art to monitor streaming media and active applications on a streaming device by querying a streaming device" because "those of skill in the art were focused on analyzing data either from the presentation device/television or from the network to obtain information about media consumption and active, running applications." (D.I. 1, ¶ 24). Nielsen also argues that "[t]he invention provides a technical improvement in the technology of media measurement by identifying a solution to these problems: monitoring the network for a streaming device accessing internet-based media, querying the streaming device for the executing application, and then recording that data for later analysis." (*Id.*, ¶ 28) Nielsen further argues that "[o]ther ways of determining the active, running application would have been known to one of skill in the art." (*Id.*, ¶ 30). The Court has rejected a similar argument in another case filed by Nielsen:

> Indeed, the thrust of Nielsen's argument is that generating models using "both tuning data and presentation session data" was unknown to the prior art—but that argument proves little. "To the extent [the plaintiff] is suggesting that its alleged 'inventive concept' is not found in the prior art, that contention is unavailing at step two, as 'a claim for a new abstract idea is still an abstract idea.'" *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1294 (Fed. Cir. 2024) (quoting *Synopsys, Inc. v. Mentor Graphics Corp.*, 893 F.3d 1138, 1151 (Fed. Cir. 2016)); *see also SAP*, 898 F.3d at 1163 ("We may assume that the techniques claims are groundbreaking, innovative, or even brilliant, but that is not enough for

eligibility.") (cleaned up).

*Nielsen*, 2025 WL 961421, at *6 (citation omitted).  Here, Nielsen also argues that the claimed abstract idea is novel but ignores that, no matter how "groundbreaking, innovative, or even brilliant" that abstract idea may be, "a claim for a new abstract idea is still an abstract idea." *Mobile Acuity*, 110 F.4th at 1294; *SAP*, 898 F.3d at 1163.  The '642 patent claims thus lack an inventive concept.  *See Hewlett Packard Co. v. ServiceNow, Inc.*, C.A. No. 14-570, 2015 WL 1133244, at *6 (N.D. Cal. Mar. 10, 2015) ("this claim limitation certainly cannot supply an inventive concept to render the abstract idea patent-eligible … this limitation is in itself an abstract idea, and so is not patentable on its own")

Because the alleged inventive concepts are found in the abstract idea itself, Nielsen's allegations in the Complaint and largely identical statements in the Lee declaration (D.I. 1, Ex. 2) do not preclude dismissal.  *See Nielsen*, 2025 WL 961421, at *6 ("Having concluded that claim 1 simply applies an abstract idea to a particular technological environment, I am not persuaded by Nielsen's argument, regardless of Ms. Lee's declaration."); *see also First-Class Monitoring, LLC v. Ups of Am., Inc.*, 389 F. Supp. 3d 456, 471 (E.D. Tex. 2019) ("The *Berkheimer* and *Aatrix* cases do not stand for the proposition that a plaintiff can avoid dismissal simply by reciting in the complaint that the invention at issue is novel and that the inventive concept resides in the abstract idea itself."); *Appistry, Inc. v. Amazon.com, Inc.*, 195 F. Supp. 3d 1176, 1183, n.6 (W.D. Wash., 2016) *aff'd sub nom. Appistry, LLC v. Amazon.com, Inc.*, 676 F. App'x 1008 (Fed. Cir. 2017) ("Plaintiff's position is absurd. Requiring the Court to accept such facts or legal conclusions (even in the form of an early expert declaration) would permit any plaintiff to circumvent the § 101 inquiry on an early motion to dismiss or motion for judgment on the pleadings simply by including a few lines attesting to the novelty of the invention.").

Because the asserted claims recite only the abstract idea and conventional components,

they lack an inventive concept and are patent ineligible.

## VI.    CONCLUSION

Based on the foregoing, TVision respectfully requests that the Court dismiss Nielsen's

Complaint because the '642 patent claims ineligible subject matter.

Respectfully submitted,

OF COUNSEL:

Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609
(984) 960-2860

Dated: July 18, 2025

*/s/ Lindsey M. Gellar*
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*