**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

THE NIELSEN COMPANY (US), LLC,

*Plaintiff,*

v.

TVISION INSIGHTS, INC.,

*Defendant.*

C.A. No. 1:25-cv-00575-RGA-CJB

**JURY TRIAL DEMANDED**

**SCHEDULING ORDER**

This <u>28th</u> day of October, 2025, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on N/A, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1.     <u>**Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**</u>.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by November 25, 2025.

If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference. Discovery of ESI includes email.

2.     <u>**Joinder of Other Parties and Amendment of Pleadings**</u>.

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before August 14, 2026.

1

3.    **Application to Court for Protective Order**.

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court by December 11, 2025.

Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY," pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.    **Papers Filed Under Seal**.

When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.

Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript.

With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.    **Courtesy Copies.**

The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6.    **Disclosures.**

Absent agreement among the parties, and approval of the Court:

a.    If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either: (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than November 25, 2025, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than November 25, 2025. Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement.

3

b.    By November 25, 2025, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

c.    By January 26, 2026, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall produce sales figures for the accused product(s) dated on or after July 23, 2024, the date that the '642 patent was issued.

d.    By February 23, 2026, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

e.    By March 20, 2026, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

f.    By September 25, 2026, Plaintiff shall provide final infringement contentions.

g.    By October 2, 2026, Defendant shall provide final invalidity contentions.

h.    By November 6, 2026, counsel shall provide final elections of asserted claims and invalidity defenses.

7.    **Discovery**.

Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.    Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before October 30, 2026.

b.    Document Production.    Document production shall be substantially complete by September 18, 2026.

c.    Requests for Admission.  A maximum of 25 requests for admission are permitted for each side.

d.    Interrogatories.

i.    A maximum of 20 interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e.    Depositions.

i.    Limitation on Hours for Deposition Discovery of Fact Witnesses. Each side is limited to a total of 50 hours of taking fact witness testimony by deposition upon oral examination, including third parties.  For the avoidance of doubt, this limit shall not apply to expert depositions.

ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. <u>Disclosure of Expert Testimony</u>.

i. <u>Expert Reports</u>.

For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before November 20, 2026.

The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 12, 2027. Reply expert reports from the party with the initial burden of proof are due on or before February 2, 2027. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

By February 26, 2027, all expert depositions shall be complete.

ii. <u>Expert Report Supplementation</u>.  The parties will not be permitted to file expert declarations in connection with motions briefing (including case-dispositive motions), but may file declarations from their experts adopting their prior reports or portions thereof under the penalty of perjury pursuant to 28 U.S. Code § 1746.

iii. <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm.,*

*Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        g.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.      Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
>     [provide here a non-argumentative list of disputes requiring judicial attention]

iii.    The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

iv.    The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

v.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

Dear Judge Burke:

The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

vii.     The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

viii.     The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

ix.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

8.    **Motions to Amend.**

a.    Any motion to amend a pleading shall **_NOT_** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

9.    **Motions to Strike.**

a.    Any motion to strike any pleading or other document or testimony shall **_NOT_** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

10.    **Motions to Stay**.

a.    Any motion to stay shall **_NOT_** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

11.    **Tutorial Describing the Technology and Matters in Issue**.

The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than thirty (30) minutes in length.

The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.

Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.    **Claim Construction Issue Identification.**

On April 17, 2026, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.

Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on May 8, 2026.

The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Samantha_Miller@ded.uscourts.gov.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.

A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.    **Claim Construction Briefing.**

Plaintiff shall serve, but not file, its opening brief, not to exceed twenty (20) pages, on claim construction on or before May 22, 2026.

Defendant shall serve, but not file, its answering claim construction brief, not to exceed thirty (30) pages, on or before June 12, 2026.

Plaintiff shall serve, but not file, its reply brief, not to exceed twenty (20) pages, on or before June 26, 2026

Defendant shall serve, but not file, its sur-reply brief, not to exceed ten (10) pages, on or before July 15, 2026.

No later than July 24, 2026, the parties shall file a Joint Claim Construction Brief.

The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I.     Agreed-upon Constructions

II.    Disputed Constructions

A.     [TERM 1]
       1.     Plaintiff's Opening Position
       2.     Defendant's Answering Position
       3.     Plaintiff's Reply Position
       4.     Defendant's Sur-Reply Position

B.     [TERM 2]
       1.     Plaintiff's Opening Position
       2.     Defendant's Answering Position
       3.     Plaintiff's Reply Position
       4.     Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

Each party shall file concurrently with the Joint Claim Construction Brief a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Brief.

The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Brief (D.I. [ ])."

14. **Hearing on Claim Construction.**

Beginning at  11:00 a.m.   , on August 13 , 2026, the Court will hear argument on claim construction.

The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

15. **Interim Status Report.**

One week after the Court's claim construction order is issued, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation.**

Absent agreement among the parties, and approval of the Court, no later than September 18, 2026, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17. **Case Dispositive Motions.**

a. All case dispositive motions shall be served and filed on or before April 2, 2027. Answering briefs shall be served and filed on or before May 7, 2027. Reply briefs shall be served

and filed on or before June 2, 2027. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

      b.    <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

      c.    <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which

sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

d.      The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

e.      <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[1]

f. <u>Hearing</u>. The Court will hear argument on all pending case dispositive and Daubert motions on June _24_ , 2027 beginning at _11:00 a_.m.

**18.**     **Applications by Motion.**

Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

19.    **Pretrial Conference**.

On November 5, 2027 the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 09:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

20.    **Motions *in Limine***.

Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.    **Jury Instructions, *Voir Dire* and Special Verdict Forms**.

Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final

pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to **rga_civil@ded.uscourts.gov**.

22.     **Trial**.

This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m on November 15, 2027, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.     **Mediation**.

The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to included the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**SCHEDULE**

*The Nielsen Company (US), LLC v. TVision Insights, Inc.,*
Case No. 1:25-cv-00575-RGA-CJB (D. Del.)

| Item | Date |
|------|------|
| Fact Discovery Opens | November 7, 2025 |
| Rule 26(a)(1) Initial Disclosures | November 25, 2025 |
| Default Standard Paragraph 3 disclosures | November 25, 2025 |
| Submit Proposed Protective Order | December 11, 2025 |
| Submit Proposed Source Code Access Agreement | December 11, 2025 |
| Plaintiff identify accused products, methods, and systems and state which patents each infringes; Plaintiff identify damages model; Plaintiff produce file history for each asserted patent | November 25, 2025 |
| Plaintiff produce license agreements and settlement agreements that are directed to the asserted patents (if any exist) | November 25, 2025 |
| Plaintiff produce license agreements and settlement agreements that are directed to the asserted patents (if any exist) | November 25, 2025 |
|  |  |
| Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s) dated on or after July 23, 2024, the date that the '642 patent was issued. | January 26, 2026 |

| | |
|---|---|
| Plaintiff to produce initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes | February 23, 2026 |
| Defendant to produce initial invalidity claim charts for each asserted claim and known invalidating references | March 20, 2026 |
| Exchange list of claim terms proposed for construction and their proposed constructions | April 17, 2026 |
| Prepare joint claim construction chart and file with the Court; concurrent filing of Motion for Claim Construction | May 8, 2026 |
| Joinder of parties and amendment of pleadings | August 14, 2026 |
| Plaintiff's opening claim construction brief | May 22, 2026 |
| Defendant's answering claim construction brief | June 12, 2026 |
| Plaintiff's reply claim construction brief | June 26, 2026 |
| Defendant's sur-reply claim construction brief | July 15, 2026 |
| File joint claim construction brief; parties provide optional technology tutorials to the Court; parties notify the Court: (i) whether they request leave to present testimony at claim construction hearing; (ii) the amount of time they request be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term | July 24, 2026 |
| Parties provide optional written comments on opposing parties' technology tutorials (seven days after joint claim construction brief) | July 31, 2026 |
| Claim construction hearing | August 13, 2026 at 11:00 a.m. |
| Interim status report after claim construction order | One week after claim construction order |
| Document production substantially complete | September 18, 2026 |
| Supplemental identification of accused products and invalidity references | September 18, 2026 |
| Final Infringement Contentions / Claim Charts | September 25, 2026 |

| | |
|---|---|
| Final Invalidity Contentions / Claim Charts | October 2, 2026 |
| Close of Fact Discovery | October 30, 2026 |
| Final Elections of Asserted Claims and Invalidity Defenses | November 6, 2026 |
| Opening expert reports by party with burden of proof | November 20, 2026 |
| Responsive expert reports by party without burden of proof | January 12, 2027 |
| Reply expert reports by party with burden of proof | February 2, 2027 |
| Expert depositions complete | February 26, 2027 |
| Summary judgment and *Daubert* motions | April 2, 2027 |
| Opposition briefs regarding summary judgment and *Daubert* motions | May 7, 2027 |
| Reply briefs re summary judgment and *Daubert* motions | June 2, 2027 |
| Hearing on summary judgment and *Daubert* motions | June 24, 2027  at 11:00 a.m. |
| Joint Proposed Final Pretrial Order | October 29, 2027 |
| Pretrial conference | November 5, 2027 at 9:00 am |
| Jury Trial (5-day) | November 15, 2027 |