**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

THE NIELSEN COMPANY (US), LLC,    )
          )
      Plaintiff,    )
          )  C.A. No. 25-575-CJB
    v.    )
          )  **JURY TRIAL DEMANDED**
TVISION INSIGHTS, INC.,    )
          )
      Defendant.    )

## SOURCE CODE ACCESS AGREEMENT

The parties jointly move for and stipulate to the entry of this Source Code Access Agreement, which will supplement the general Protective Order to be submitted by the parties.

1.    Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, all relevant and properly requested source code shall only be provided on a secured stand-alone computer (a computer not connected to a network, Internet or a peripheral device, "Source Code Computer") residing in a locked room or other secure location at the offices of (a) the Producing Party, (b) the Producing Party's outside counsel, (c) any other location to which the parties jointly agree. The election among the above locations for production rests with the Producing Party.

2.    Source code review shall be conducted during regular business hours (9:00 a.m. through 5:00 p.m. local time) or at other mutually agreeable times. The parties agree to cooperate in good faith, such that maintaining the Producing Party's source code at the offices of the Producing Party or the Producing Party's Outside Counsel or any other facility will not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action.

3.    The Receiving Party must give notice to the Producing Party at least five (5) business days in advance of the requested inspection, each time the Receiving Party requests a review of source code on the Source Code Computer.  The Receiving Party is entitled to inspect on as many separate occasions as reasonably needed within the timing procedures identified above and the Court's fact discovery deadline

4.    The Receiving Party shall identify in writing all individuals it requests be given access to the source code at least ten (10) business days prior to the first inspection.  Proper identification includes the individual's full name, city and state of the individual's primary residence and current employer(s).  Each party can identify experts for source code review.  Access to the stand-alone computer shall be permitted, after notice to the Producing Party and an opportunity to object, to two (2) outside counsel representing the Receiving Party and no more than two (2) experts retained by the Receiving Party per patent at issue in the above-captioned cases, all of whom have been approved under the protective order in place.  The Producing Party shall not unreasonably deny access to any additional experts retained by the Receiving Party that the Producing Party has indicated would be replacing an original expert retained by the Receiving Party.  Absent a good faith request to proceed otherwise, no one from the provider shall have further access to the computer during the remainder of discovery.  The Producing Party may object to providing access to any persons so identified and, if so, must set forth in detail the grounds on which it is objecting.  The Producing Party may also deny access to any individual who fails to properly provide identification.  Objections and denials of access must be in writing, and disputes over such issues shall be presented to the Court for resolution unless resolved by agreement among the parties.

5.      The Source Code Computer shall have disk encryption and be password protected. The Producing Party shall provide a manifest of the contents of the Source Code Computer. The manifest, which will be supplied in both printed and electronic form, will list the name, location (*e.g.*, file path) and MD5 checksum of every source and executable file escrowed on the computer. The manifest shall generally identify the programming languages that were used to author the code.

6.      The Parties shall take reasonable steps to produce all source code with any software required to allow review of the code in a manner reasonably equivalent to the review in the ordinary course of business by the Producing Party. At minimum, this will include the same software utilities and related plug-ins that the Producing Party, itself, uses to review the source code in the ordinary course of business. These software utilities and plugins shall provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files and (c) compare two files and display their differences. The Reviewing Party may provide a reasonable set of certain searchable PDFs of documents produced by the Producing Party—such as wikis or other documents relevant to the review or source code—to be included on the Source Code Computer, with reasonable advance notice to the Producing Party to allow for the saving of such files to the Source Code Computer.

7.      The Receiving Party may request that other commercially available software search tools for viewing and searching the source code be installed on the Source Code Computer, including plugins that may need to be downloaded from the internet through Visual Studio Code and other software. If such a request is made before the Source Code Computer has been initially set up and its connectivity restricted, the Requesting Party shall provide the Producing Party with the physical media containing such software tools at least seven (7) days in advance of the date

upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer or direct the Producing Party to where the software tools or plugins may be obtained on the internet. The Producing Party shall not be required to install software or plugins that requires substantial, unreasonable modifications to the hardware or software of the computer(s) and may object to a software tool installation within four (4) days of the Receiving Party's request. Costs associated with the purchase or installation of such software tools, including any licenses, shall be borne by the party requesting its use.

8.      The Parties acknowledge that the Requesting Party may request the installation of additional software during the review of the source code, including plugins that may need to be downloaded from the internet through Visual Studio Code and other software after the Source Code Computer has been initially set up and its connectivity restricted. The Producing Party may object to any such request within four (4) days of the Receiving Party's request. In the event that a request is made with less than four-days' notice, the Producing Party must make reasonable, good-faith efforts to provide its objection, or indicate that it has none, in the time allotted.

9.      The Receiving Party shall be entitled to request printed copies of limited aspects of the source code. To designate the pages for printing, the Reviewing Party shall print the selected page to an electronic PDF and place the PDF files in a folder on the desktop of the Source Code Computer that shall be clearly labeled as a location for pages of source code to be printed. The Producing Party shall then print and produce the designated pages with the appropriate Bates stamp and Protective Order designations. The Producing Party shall preserve and maintain a copy of each electronic PDF placed in the desktop folder of the Source Code Computer. A party may only seek to obtain printed copies of a reasonable number of pages, narrowly tailored to the needs of this case. Unless agreed to in writing by the Producing Party, the Receiving Party may not request

4

printed copies of more than 15 consecutive pages, or an aggregate total of more than 150 pages, of the source code.  If necessary, the Receiving Party may request printed copies of additional pages in excess of these limits, and such request, upon showing of good cause, shall not be unreasonably denied by the Producing Party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the request to receive printed copies of additional pages, the Receiving Party shall be entitled to seek the Court's resolution.

10.    Printed copies of the source code shall be logged and maintained by the Receiving Party in a secured, locked area under the direct control of counsel or experts for whom disclosure has been cleared.  In addition to copies provided to experts, the Receiving Party's counsel may make a single copy of any printed pages of source code, which shall be maintained in the same manner as the original printed pages.  In no event shall the total number of copies made exceed one for each expert identified above in Section 4 and one for counsel.  Copies cannot be made for any other person or purpose.  Any printed pages of source code may not otherwise be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

11.    The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  The Receiving Party's outside counsel and/or experts are permitted to (i) make and/or maintain electronic copies of their notes outside of the source code review room; and (ii) take such notes on the source code computer itself provided that such notes are not transmitted outside the source code review room and are deleted upon conclusion of the review.  Any such notes shall be treated

5

as though designated as source code under the protective order and shall be afforded the same protections contained therein. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

12. Unless agreed to by the Producing Party, use or possession of any outside electronic devices (*e.g.*, USB memory sticks, mobile phones or tablets, cameras, laptops, floppy disks, CDs, zip drives, or any device that can access the Internet or any other network or external system, etc.) or any non-electronic devices capable of similar functionality is prohibited while accessing the Source Code Computer. All persons entering the locked room containing the Source Code Computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Producing Party shall make a separate room close in proximity to the review room available for the Receiving Party's outside counsel and expert to leave personal belongings, including phones and laptops, and in which such individuals may work and take notes and use their computers.

13. The Producing Party shall keep a log that records the identity of individuals who enter the locked room to view the source code and when they start and end each review day. The Receiving Party shall log the identity of individuals to whom a copy of the source code is provided, when the copy was provided to that person, and where the copy is stored. The other Party is entitled to a copy of each log.

14. Within sixty (60) days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party shall serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's source code. In addition, all persons to

6

whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew M. Moshos (#6685)
    Malisa C. Dang (#7187)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    amoshos@potteranderson.com
    mdang@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company
(US), LLC*

Dated: December 23, 2025
12620881 / 14944-00011

SHAW KELLER LLP

By: */s/ Andrew E. Russell*
    Andrew E. Russell (#5382)
    Nathan R. Hoeschen (#6232)
    I.M. Pei Building
    1105 North Market Street, 12th Floor
    Wilmington, DE 19801
    (302) 298-0700
    nhoeschen@shawkeller.com
    arussell@shawkeller.com

*Attorneys for Defendant TVision Insights, Inc.*

SO ORDERED this _____ day of _____ 202\_\_.

    Christopher J. Burke
    United States Magistrate Judge