# EXHIBIT 1

Trials@uspto.gov
571-272-7822

Paper 34
Date: January 6, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

TVISION INSIGHTS, INC.,
Petitioner,

v.

THE NIELSEN COMPANY (US), LLC,
Patent Owner.

---

IPR2023-01014
Patent 11,470,243 B2

---

Before TERRENCE W. McMILLIN, JOHN A. HUDALLA, and GARTH D. BAER, *Administrative Patent Judges*.

McMILLIN, *Administrative Patent Judge*.

JUDGMENT
Final Written Decision
Determining All Challenged Claims Unpatentable
*35 U.S.C. § 318(a)*

*12. Claim 20*

Claim 20 is similar to claims 8 and 13. *Compare* Ex. 1001, 16:15–19 (claim 8), *and id.* at 16:62–67 (claim 13), *with id.* at 17:58–61 (claim 20). Claim 20 recites:

> *The method of claim 19, wherein the audience identification information includes an identifier associated with the known person, and further including recording the identifier associated with the known person in a memory.*

Ex. 1001, 17:58–61. Based on its showing for claims, 8, 13, and 19 and the testimony of Dr. Doermann (Ex. 1003 ¶ 392), Petitioner contends that the cited art teaches the limitations of claim 20. Pet. 87–88.

Patent Owner does not present any arguments specific to the combination of Neilsen-372, Steinberg, and Tian, and claim 20. *See generally* PO Resp.

The cited evidence supports Petitioner's contention that all the limitations of claim 20 are taught by the cited art. We find that Petitioner has established that the cited art teaches the limitations of claim 20.

*13. Summary as to Claims 4–6, 8, 11–14, and 18–20*

We have considered all the arguments and evidence presented by the parties with regard to claims 4–6, 8, 11–14, and 18–20. Petitioner has shown that the combination of Nielsen-372, Steinberg, and Tian teaches all the limitations of claims 4–6, 8, 11–14, and 18–20, and has articulated well-supported reasoning as to why a skilled artisan would have been motivated to combine these teachings as set forth in claims 4–6, 8, 11–14, and 18–20. In contrast, Patent Owner's arguments to the contrary are relatively weak. Based on the entire trial record, we conclude that Petitioner has shown by a preponderance of the evidence that claims 4–6, 8, 11–14, and 18–20 would

have been obvious in view of Nielsen-372, Steinberg, and Tian.

## III. CONCLUSION[34]

Based on the entire trial record, Petitioner has demonstrated by a preponderance of the evidence that claims 4–6, 8, 11–14, and 18–20 of the ’243 patent are unpatentable. For the reasons stated above, we conclude that (1) the combination of Lu-577 and Tian and (2) the combination of Nielsen-372, Steinberg, and Tian both render obvious the subject matter of claims 4–6, 8, 11–14, and 18–20 of the ’243 patent. A summary of our conclusions is set forth in the table below.

| **Claims** | **35 U.S.C. §** | **Reference(s)/Basis** | **Claims Shown Unpatentable** | **Claims Not shown Unpatentable** |
|---|---|---|---|---|
| 4–6, 8, 11–14, 18–20 | 103 | Lu-577, Tian | 4–6, 8, 11–14, 18–20 | |
| 4–6, 8, 11–14, 18–20 | 103 | Nielsen-372, Steinberg, Tian | 4–6, 8, 11–14, 18–20 | |
| **Overall Outcome** | | | 4–6, 8, 11–14, 18–20 | |

[34] Should Patent Owner wish to pursue amendment of the challenged claims in a reissue or reexamination proceeding subsequent to the issuance of this Decision, we draw Patent Owner’s attention to the April 2019 *Notice Regarding Options for Amendments by Patent Owner Through Reissue or Reexamination During a Pending AIA Trial Proceeding*. *See* 84 Fed. Reg. 16,654 (Apr. 22, 2019). If Patent Owner chooses to file a reissue application or a request for reexamination of the challenged patent, we remind Patent Owner of its continuing obligation to notify the Board of any such related matters in updated mandatory notices. *See* 37 C.F.R. § 42.8(a)(3), (b)(2).

## IV. ORDER

In consideration of the foregoing, it is

ORDERED that claims 4–6, 8, 11–14, and 18–20 of U.S. Patent No. 11,470,243 B2 are held to be unpatentable; and

FURTHER ORDERED that, because this is a Final Written Decision, parties to this proceeding seeking judicial review of our decision must comply with the notice and service requirements of 37 C.F.R. § 90.2.

Case 1:25-cv-00574-CJB Document 51-1 Filed 01/13/26 Page 6 of 6 PageID #: 700


FOR PETITIONER:

Harper Batts
Chris Ponder
Jeffrey Liang
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
hbatts@sheppardmullin.com
cponder@sheppardmullin.com
jliang@sheppardmullin.com

FOR PATENT OWNER:

Jennifer Bailey
Robin Snader
ERISE IP, P.A.
jennifer.bailey@eriseip.com
robin.snader@eriseip.com