# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC,<br><br>Plaintiff,<br><br>v.<br><br>TVISION INSIGHTS, INC.,<br><br>Defendant. | ) | C.A. No. 25-575-CJB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF THE NIELSEN COMPANY (US), LLC'S**
**<u>RESPONSES TO DEFENDANT'S FIRST DOCUMENT REQUESTS</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The Nielsen Company (US), LLC ("Nielsen") responds to Defendant TVision Insights, Inc.'s ("TVision") First Set of Requests for the Production of Documents and Things (Nos. 1-144), as follows:

## PRELIMINARY STATEMENT

1. These responses and objections are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents, information, or things produced in response to the Requests; (b) the right to object on any ground to the use of the documents, information or things produced in response to the Requests at any hearing, trial, or other proceeding; (c) the right to object on any ground at any time to a demand for further responses to the Requests; or (d) the right at any time to revise, correct, add to, supplement, or clarify any of the responses or objections contained herein.

2. Nielsen will not produce information or documents calling for the disclosure of information protected by any privilege or protection, including without limitation the attorney-client privilege, the work-product doctrine, the community-of-interest privilege, the joint-defense

27. Nielsen has made a production of documents in Case No. 22-cv-0057, a substantial portion of which contain documents that are responsive to one or more of these Requests and which are subject to the parties agreed cross-use agreement D.I. 43 at 16, ¶ 8.3. To the extent Nielsen agrees to search for and produce documents in response to specific requests herein, and such responsive, nonprivileged documents have been previously produced in Case No. 22-cv-0057, Nielsen will not reproduce them.

## REQUESTS

**REQUEST 1:**

For each year during the Relevant Time Period, Documents sufficient to show Nielsen's organizational structure, including organizational charts, directories, and/or personnel lists that include Nielsen's officers and directors and sales, marketing, market intelligence, market research, business development, product development, product strategy, finance, customer service, engineering, research and development, product testing, and licensing employees, as well as the corporate structure of Nielsen's divisions, departments, parents, subsidiaries, and/or affiliates.

**RESPONSE TO REQUEST 1:**

Nielsen objects to this Request as seeking information not relevant, overbroad, unduly burdensome, and not proportional to the needs of the case. Specifically, Nielsen's corporate structure is neither relevant nor proportional to any of the claims or defenses in this case. Further, the request for organizational charts, directories, and personnel lists is likewise overbroad and neither relevant nor proportional to the needs of the case. Answering further, Nielsen states it has provided its initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(A)(i), which includes the names and titles of each individual likely to have discoverable information—along with the subjects of that information—that Nielsen may use to support its claims or defenses, and has also already produced documents in case 22-cv-0057, many of which already identify and describe the Nielsen employees and business units relevant to this case. Nielsen's global leadership team–including its officers and directors and their associated roles and descriptions—is also publicly

Nielsen will not search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 4:**

Documents concerning any market research concerning TV Audience Measurement Services or the measurement of TV viewership, including Connected TV and Linear TV.

**RESPONSE TO REQUEST 4:**

Nielsen objects to "the market for TV Audience Measurement Services" as vague and overbroad, and improperly defined for the reasons stated in Nielsen's motion to dismiss TVision's counterclaims. The request for documents that merely "concern" this ill-defined market is also vague, ambiguous, overbroad, not relevant to the claims and defenses, and not proportional to the needs of the case. Specifically, Nielsen objects to this improper catch-all request as overbroad, seeking irrelevant and disproportional discovery, duplicative of TVision's other more focused requests, and as exceeding the "ultimate and necessary boundaries" of permissible discovery. *See, e.g.*, *United States ex rel. Davis v. Lincare Inc.*, 2005 WL 8165982, at *4 (D. Idaho May 3, 2005); *Gonzales v. Goodyear Tire & Rubber Co.*, 2006 WL 8443759, at *21 (D.N.M. Aug. 18, 2006). Calling for documents that "concern" "any market research" without any attempt to tether this request to any of TVision's claims or defenses in this litigation, seeks plainly irrelevant and disproportional discovery and fails to meet TVision's obligation to describe its request with reasonable particularity. *See* Fed. R. Civ. P. 34(b)(1)(A).

Nielsen states that it has previously produced documents responsive to this Request. Subject to and without waiving the foregoing objections, and upon agreement with TVision

regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, responsive to this request.

**REQUEST 5:**

Documents concerning competition, market segments, market share, or market revenue (whether actual or projected) concerning TV Audience Measurement Services or the measurement of TV viewership, including Connected TV and Linear TV.

**RESPONSE TO REQUEST 5:**

Nielsen objects to this Request as overbroad, and not proportional to the needs of the case. Nielsen objects to this Request as vague and ambiguous.

Pursuant to its stated objections above, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents responsive to this Request. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, responsive to this request.

**REQUEST 6:**

Documents concerning Nielsen's business strategies for competing for the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 6:**

Nielsen objects to this Request as vague and overbroad – particularly the request for "business strategies," and not proportional to the needs of the case.

Pursuant to its stated objections above, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents responsive to this Request. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, responsive to this request.

**REQUEST 9:**

Documents discussing or referring to any article, news report, or statement on traditional or social media asserting that Nielsen is a "monopolist" or has a "monopoly" in any market, marketplace, or product concerning TV Audience Measurement Services or the measurement of TV viewership, including Connected TV and Linear TV.

**RESPONSE TO REQUEST 9:**

Nielsen objects to this Request as seeking documents that are not relevant, overbroad, and not proportional to the needs of the case. Nielsen further objects to this Request as duplicative of Request No. 8, and incorporates its response to that request again here.

Nielsen will not search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 10:**

Documents sufficient to Identify every entity that Nielsen considers a competitor for the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 10:**

Nielsen objects to the request for documents related to "the provision of TV Audience Measurement Services" as vague. Nielsen also objects to this Request as calling for the production of documents that are protected from disclosure by the attorney-client privilege and work product doctrine. Nielsen, as stated in its Preliminary Statement, will not produce such documents.

Pursuant to its stated objections above, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents that reflect entities known to Nielsen which sell any type of TV Audience Measurement Services. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding

appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, sufficient to reflect additional entities known to Nielsen which sell any type of TV Audience Measurement Services.

**REQUEST 11:**

Documents concerning Nielsen's actual or potential competitors (e.g., TVision, Comscore, VideoAmp, iSpot.tv) and competing products or services for the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 11:**

Nielsen objects to this Request as vague, overbroad, and not proportional to the needs of the case. Nielsen objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place or incorporates allegations and assertions that are disputed or erroneous.

Pursuant to its stated objections above, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents that reflect entities known to Nielsen which sell Television Measurement Audience Services. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, sufficient to reflect additional entities known to Nielsen which sell any type of TV Audience Measurement Services.

**REQUEST 12:**

Documents concerning analysis or forecasts of supply, demand, or pricing for the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 12:**

Nielsen objects to this Request as vague and ambiguous. Nielsen further objects to this Request as duplicative of the information requested by Request No. 120, the responses and

objections to which Nielsen reincorporates here. As stated in its Preliminary Statement paragraph no. 27, Nielsen has previously produced documents regarding the demand for its services in television audience measurement. Subject to its objections and responses, however, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, sufficient to show Nielsen's analysis of the demand for its services in television audience measurement.

**REQUEST 13:**

Documents sufficient to show and describe the technical operation and design of Nielsen's TV Audience Measurement Services.

**RESPONSE TO REQUEST 13:**

Nielsen objects to this Request as seeking information that is neither relevant to the claims or defenses in this litigation, nor proportional to the needs of the case. Nielsen further objects to the terms "technical operation and design" as vague and ambiguous.

Nielsen will not search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 14:**

Documents sufficient to show all calibration data used by and/or associated with Nielsen's TV Audience Measurement Services.

**RESPONSE TO REQUEST 14:**

Nielsen objects to this Request as seeking information that is neither relevant to the claims or defenses in this litigation, nor proportional to the needs of the case. Nielsen further objects to the terms "all calibration data" as overbroad, vague, and ambiguous.

Pursuant to its stated objections above, and construing the term "calibration data" to refer to Nielsen's panel data, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents responsive to this request. Nielsen will not otherwise agree to search for or produce additional documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 15:**

Documents relating to formal or informal complaints, critiques, comments, or feedback from Nielsen's customers or contractual partners concerning the price or quality of Nielsen's TV Audience Measurement Services.

**RESPONSE TO REQUEST 15:**

Nielsen objects to this Request as seeking information that is not relevant, overbroad, and not proportional to the needs of the case. Nielsen will not agree to search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 16:**

Documents relating to formal or informal complaints, critiques, comments, or feedback from Nielsen's customers, contractual partners, or Nielsen's panelists concerning Nielsen's panel technology.

**RESPONSE TO REQUEST 16:**

Nielsen objects to this Request as seeking information that is not relevant, overbroad, and not proportional to the needs of the case. Nielsen will not agree to search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with

TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 17:**

Documents and Structured Data concerning Nielsen's profit-and-loss statements, balance sheets, and the accounting or auditing of financial results.

**RESPONSE TO REQUEST 17:**

Nielsen objects to this Request as not relevant to the claims or defenses in this litigation, overbroad, and not proportional to the needs of the case. Nielsen further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege and the work-product doctrine. Nielsen, as stated in its Preliminary Statement, will not produce such documents. Nielsen objects to the definition of "Structured Data" as duplicative of "Document," and overbroad to the extent it is seeking to impose obligations on Nielsen beyond the obligations of Federal Rules of Civil Procedure 26 and 34. Nielsen will interpret "Structured Data" consistent with its obligations under Federal Rules of Civil Procedure 26 and 34.

Pursuant to its stated objections above, Nielsen states that it has previously produced documents responsive to this Request. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will also agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, sufficient to reflect Nielsen's aggregate annual sales of linear, cable, and streaming ratings data from April 1, 2018 to the date of the filing of the Counterclaim.

**REQUEST 18:**

Documents sufficient to show the production, manufacturing, marketing, service, and promotion costs of Nielsen's TV Audience Measurement Services during the Relevant Time Period.

**RESPONSE TO REQUEST 18:**

Nielsen objects to this Request as not relevant to the claims or defenses in this litigation, overbroad, and not proportional to the needs of the case. Nielsen further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege and the work-product doctrine.

Pursuant to its stated objections above, Nielsen states that it has previously produced documents responsive to this Request. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will also agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, sufficient to reflect Nielsen's costs related to the provision of linear, cable, and streaming ratings data from April 1, 2018 to the date of the filing of the Counterclaim.

**REQUEST 19:**

Documents sufficient to explain all acronyms, abbreviations and short form of labels used in Your financial, sales and marketing documents.

**RESPONSE TO REQUEST 19:**

Nielsen objects to this Request as vague and ambiguous. Nielsen will not search for or produce documents responsive to this Request, but further states it is willing to meet and confer with TVision's counsel to determine whether TVision can further narrow the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 20:**

Documents relating to any communications, meetings, calls, or videoconferences between Nielsen and employees or representatives of TVision, Comscore, VideoAmp, iSpot.tv, HyphaMetrics, ACRCloud, Adelaide, Innovid, or any other provider of products, data, or technology relating to TV Audience Measurement Services.

**<u>RESPONSE TO REQUEST 20</u>:**

Nielsen objects to this Request as vague and ambiguous, seeking information not relevant to the claims and defenses in this litigation, overbroad, and not proportional to the needs of the case. Nielsen further objects to this request as seeking documents already in the possession, custody, or control of TVision.

Nielsen will not search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**<u>REQUEST 21</u>:**

Documents concerning TVision, including but not limited to:

(a) Communications with or mentioning TVision;

(b) Contracts or agreements mentioning TVision;

(c) Documents concerning Nielsen's evaluation of TVision's customers, panel data, products, offerings, or technology;

(d) Documents concerning Nielsen's strategy or efforts to compete against TVision, limit TVision's sales, growth, or profits, or weaken TVision as a competitor;

(e) Documents concerning Nielsen's expectations regarding TVision's growth or potential growth;

(f) Documents concerning TVision's TV Audience Measurement Services;

(g) Documents concerning TVision' s in-home meter provided to TVision' s panelists; and

(h) Communications about use of TVision's data with Nielsen's, including in the circumstance where TVision's data is offered to the end user or potential end user by another company, such as VideoAmp.

**<u>RESPONSE TO REQUEST 21</u>:**

Nielsen's responses to Requests 21(a) through (h) are set forth below.

(a) Nielsen objects to this Request as overbroad, and not proportional to the needs of the case. Nielsen further objects to this request as seeking documents already in the possession, custody, or control of TVision. Pursuant to its stated objections above, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents responsive to this Request. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will also agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, that discuss Nielsen's evaluation of TVision's offered products or services.

(b) Nielsen objects to this Request as overbroad, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will search for and produce contracts or agreements mentioning TVision specifically.

(c) Nielsen objects to this Request as vague and ambiguous as to "TVision's customers." Pursuant to its stated objections above, Nielsen states that it has previously produced documents responsive to this Request. Answering further, Nielsen incorporates its Response to 21(a).

(d) Nielsen objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place or incorporates allegations and assertions that are disputed or erroneous, particularly as to "Nielsen's strategy or efforts to compete against" or "weaken" TVision. Answering further, Nielsen incorporates its Response to 21(a).

(e) Nielsen objects to this Request as vague and ambiguous as to "TVision's growth or potential growth." Answering further, Nielsen incorporates its Response to 21(a).

(f) Nielsen objects to this Request as vague and ambiguous. Answering further, Nielsen incorporates its Response to 21(a).

(g) Nielsen objects to this Request as vague and ambiguous. Answering further, Nielsen incorporates its Response to 21(a).

(h) Nielsen objects to this Request as vague and ambiguous. Answering further, Nielsen incorporates its Response to 21(a).

**REQUEST 22:**

Documents, including communications, analyses, or presentations, concerning any strategies, tactics, programs, plans, or policies contemplated, whether implemented or not, to be

considered, employed, or executed in response to TVision, in whole or in part, in any market segment.

**RESPONSE TO REQUEST 22:**

Nielsen objects to this Request as vague and ambiguous, particularly as to documents and communications "in response to TVision." Nielsen objects to this Request as seeking documents that are not relevant to the claims and defenses in this litigation, overbroad, and not proportional to the needs of the case, particularly as to "any market segment."

Subject to and without waiving the foregoing objections, Nielsen incorporates its Responses to Request 21(a).

**REQUEST 23:**

Documents concerning Nielsen's contracting policies and practices for the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 23:**

Nielsen objects to this Request as vague and ambiguous, particularly as to "contracting policies and practices." Nielsen further objects to the request as to the "the provision of TV Audience Measurement Services" as overbroad, seeking information not relevant to the claims of defenses in this litigation, and not proportional to the needs of the case.

Nielsen will not search for or produce documents responsive to this Request. Nielsen is nonetheless willing to meet and confer with TVision's counsel to determine whether TVision can appropriately redefine the scope of this request in a way that complies with its obligations under the Federal Rules of Civil Procedure.

**REQUEST 24:**

Documents relating to any policies, practices, contractual terms, or agreements concerning Your customers' or contractual partners' permissible use of data, products, or information related to TV Audience Measurement Services provided by Nielsen.

**RESPONSE TO REQUEST 24:**

Nielsen objects to this Request as vague and ambiguous, particularly as to "policies" and "practices." Nielsen further objects to such request as overbroad, seeking information not relevant to the claims of defenses in this litigation, and not proportional to the needs of the case.

Pursuant to its stated objections above, and as stated in its Preliminary Statement paragraph no. 27, Nielsen states that it has previously produced documents responsive to this Request, including examples of contracts with its customers. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, sufficient to reflect permissible uses of Nielsen's proprietary data.

**REQUEST 25:**

Documents relating to any policies, practices, contractual terms, or agreements concerning Your customers' or contractual partners' use of data, products, or information related to TV Audience Measurement Services obtained directly or indirectly from any party other than Nielsen, including data, products, or information obtained directly or indirectly from TVision.

**RESPONSE TO REQUEST 25:**

Nielsen objects to this Request as vague and ambiguous, particularly as to "policies" and "practices." Nielsen further objects to such request as overbroad, seeking information not relevant to the claims of defenses in this litigation, and not proportional to the needs of the case, particularly the request for "any" documents relating to use of third party data "from any party." Pursuant to its stated objections above, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce, nonduplicative, nonprivileged documents, if any, sufficient to reflect permissible uses of Nielsen's proprietary data.

**<u>REQUEST 46</u>:**

Structured Data relating to contracts and agreements to which You are a party that govern the provision of TV Audience Measurement Services, including but not limited to Structured Data from any contract management database or software.

**<u>RESPONSE TO REQUEST 46</u>:**

Nielsen objects to "TV Audience Measurement Services" as vague and ambiguous, and improperly defined for the reasons stated in Nielsen's motion to dismiss TVision's counterclaims. Further, Nielsen objects to the definition of "Structured Data" as duplicative of "Document," and overbroad to the extent it is seeking to impose obligations on Nielsen beyond the obligations of Federal Rules of Civil Procedure 26 and 34. Nielsen will interpret "Structured Data" consistent with its obligations under Federal Rules of Civil Procedure 26 and 34. Nielsen further objects to this request as duplicative and cumulative of the documents called for by Request Nos. 33-35, the objections and responses to which Nielsen reincorporates here.

**<u>REQUEST 47</u>:**

Structured Data demonstrating the prices You have charged for TV Audience Measurement Services over the Relevant Time Period.

**<u>RESPONSE TO REQUEST 47</u>:**

Nielsen objects to "TV Audience Measurement Services" as vague and ambiguous, and improperly defined for the reasons stated in Nielsen's motion to dismiss TVision's counterclaims. Further, Nielsen objects to the definition of "Structured Data" as duplicative of "Document," and overbroad to the extent it is seeking to impose obligations on Nielsen beyond the obligations of Federal Rules of Civil Procedure 26 and 34. Nielsen will interpret "Structured Data" consistent with its obligations under Federal Rules of Civil Procedure 26 and 34. Nielsen further objects to this request as duplicative and cumulative of the documents called for by Request Nos. 24-29, the responses and objections to which Nielsen reincorporates here.

Nielsen further states that it has previously produced documents responsive to this request, as indicated in its Preliminary Statement paragraph no. 27. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, regarding Nielsen's pricing of its television audience measurement.

**REQUEST 48:**

Documents discussing prices or price trends relating to the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 48:**

Nielsen objects to "TV Audience Measurement Services" as vague and ambiguous, and improperly defined for the reasons stated in Nielsen's motion to dismiss TVision's counterclaims. Nielsen further states that it has previously produced documents responsive to this request, as indicated in its Preliminary Statement paragraph no. 27. Subject to and without waiving the foregoing objections, and upon agreement with TVision regarding appropriate custodians and search terms, Nielsen will agree to search for and produce additional, nonduplicative, nonprivileged documents, if any, regarding Nielsen's pricing of its television audience measurement.

**REQUEST 49:**

Documents and Structured Data concerning Your profits and profit margins concerning the provision of TV Audience Measurement Services.

**RESPONSE TO REQUEST 49:**

Nielsen objects to "TV Audience Measurement Services" as vague and ambiguous, and improperly defined for the reasons stated in Nielsen's motion to dismiss TVision's counterclaims. Further, Nielsen objects to the definition of "Structured Data" as duplicative of

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason Greenhut
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Malisa C. Dang (#7187)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com
mdang@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

Dated: February 4, 2026
12686742 / 14944.00011

# CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 4, 2026, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL**

Andrew E. Russell
Nathan R. Hoeschen
Lindsey M. Gellar
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
arussell@shawkeller.com
nhoeschen@shawkeller.com
lgellar@shawkeller.com

Jason Xu
RIMON LAW
1990 K. Street, NW, Suite 420
Washington, DC 20006
jason.xu@rimonlaw.com

Patrick D. Curran
QUINN EMANUEL URQUHART & SULLIVAN LLP
11 Huntington Avenue, Suite 5200
Boston, MA 02199
patrickcurran@quinnemanuel.com

Richard A. Koffman
Daniel McCuaig
Benjamin D. Brown
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
rkoffman@cohenmilstein.com
dmccuaig@cohenmilstein.com
bbrown@cohenmilstein.com

Eric C. Cohen
RIMON LAW
4030 Wake Forest Road
Suite 300
Raleigh, NC 27609
eric.cohen@rimonlaw.com

Steig D. Olson
Sami H. Rashid
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue
New York, NY 10016
steigolson@quinnemanuel.com
samirashid@quinnemanuel.com

Adam B. Wolfson
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S, Figueroa Street, 10th Floor
Los Angeles, CA 90017
adamwolfson@quinnemanuel.com

*/s/ David E. Moore*
David E. Moore

12553995 / 14944.00011