IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **Redacted – Public Version** |
| | ) | |
| v. | ) | C.A. No. 25-575-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**TVISION INSIGHTS, INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

TVision respectfully moves for leave to file the attached sur-reply brief (Ex. A) in response to Nielsen's motion to dismiss TVision's counterclaims, and states as follows:

"The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c)(2). This rule prevents litigants from engaging in "impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." *Fifth Mkt., Inc. v. CME Grp., Inc.*, 2013 WL 3063461, at *1 n.2 (D. Del. June 19, 2013). Accordingly, "arguments made for the first time in a reply brief are waived." *I-Mab Biopharma v. Inhibrx, Inc.*, 2024 WL 4555870, at *4 n.8 (D. Del. Oct. 17, 2024) (Burke, J.); *see also Guardant Health, Inc. v. Found. Med., Inc.*, 2020 WL 2477522,

1

at *11 n.14 (D. Del. Jan. 7, 2020) (Burke, J.) (declining to consider a "more detailed argument" raised for the first time in a reply brief). An argument must have been "squarely raise[d]" in the opening brief, *Sysmex Corp. v. Beckman Coulter, Inc.*, 2022 WL 1786526, at *6 (D. Del. May 26, 2022), and "a passing reference to an issue will not suffice," *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (citation modified).

If a court nonetheless wishes to consider new arguments raised in a reply, prejudice to the other party is ameliorated by granting it leave to file a sur-reply that "responds to new evidence, facts, or arguments." *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013); *see also Davis v. Ace Hardware Corp.*, 2014 WL 2990329, at *1 n.1 (D. Del. July 2, 2014) (Burke, J.). Indeed, when Nielsen previously raised new arguments in a reply brief in patent litigation between the parties, the Court found that Nielsen had violated Local Rule 7.1.3(c)(2) and explained that a sur-reply would have given TVision "a proper opportunity to respond." *Nielsen Co. v. TVision Insights, Inc.*, C.A. No. 22-57-CJB, D.I. 272, at 13–14 (Apr. 10, 2025). TVision requests that opportunity here.

TVision seeks leave to file a short sur-reply responding to two sections of Nielsen's reply brief that improperly present new arguments and authorities that both should have been included in Nielsen's opening brief and demonstrably misstate TVision's arguments.

***First***, Nielsen's opening brief argued that TVision had engaged in "textbook" claim splitting by citing cases where a plaintiff was trying to maintain multiple sets of overlapping claims at the same time. (D.I. 50 ("Mot.") at 4–8.) TVision distinguished those cases on the ground that there is only one set of pending claims here, because TVision voluntarily dismissed its prior counterclaims after Nielsen refused to agree to consolidation, well before Nielsen's opening brief. (D.I. 62 ("Opp.") at 6–7; *see* C.A. No. 22-1345-CJB, D.I. 144, at 1 (dismissing prior counterclaims

2

on December 17, 2025).) Nielsen's reply brief abandons the case law it relied on in its opening brief, and pivots to an entirely new and different set of cases that it could have cited, but did not, in its opening brief. (D.I. 65 ("Rep.") at 2–3.) Nielsen argues that these newly cited cases establish that courts should dismiss counterclaims like TVision's, even where no other set of claims is pending. (*Id.*) Leave to file a sur-reply may be granted where, as here, the reply brief "contains a court opinion that did not appear in the opening brief." *Am. Gen. Life Ins. Co. v. Wilmington Tr., Nat'l Ass'n*, 2025 WL 2174672, at *2 (D. Del. July 31, 2025); *see also EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (similar). Here Nielsen's reply cites *five* new cases on this point. This is a clear example of improperly introducing a new argument and new legal authority in a reply brief, and a sur-reply is warranted to "fully and fairly evaluate" the motion to dismiss. *St. Clair Intell. Prop. Consultants, Inc.*, 291 F.R.D. at 80.

Furthermore, Nielsen premises this portion of its reply argument on its inaccurate claim that TVision "does not dispute" that its present and prior counterclaims "both arise from the same underlying facts, or that it could have asserted all its theories in its first counterclaim." (Rep. at 1.) In fact, TVision expressly does dispute, and has disputed, those assertions. (*See, e.g.*, Opp. at 8 n.4.) "Courts may also grant motions for leave to file a sur-reply to correct a demonstrable inaccuracy." *Am. Gen. Life Ins. Co.*, 2025 WL 2174672, at *2 (citation modified); *see also Cumis Ins. Soc'y, Inc. v. Fitch*, 2025 WL 1424871, at *3 (D. Del. May 16, 2025) (same); *Chase Bank USA N.A. v. Hess Kennedy Chartered LLC*, 589 F. Supp. 2d 490, 504 (D. Del. 2008) (permitting a sur-reply in light of "apparent misrepresentations" in a reply). TVision's proposed sur-reply corrects this demonstrable inaccuracy.

**Second**, in its opening brief, Nielsen argued for *Noerr-Pennington* immunity on three grounds: it disputed whether the "series" exception is available under Federal Circuit law, argued

that the number of its suits against TVision was insufficient, and argued that it holds an undefeated "win-loss percentage" against TVision. (Mot. at 20–21, 25.) TVision's opposition brief countered that the series exception is available, that Nielsen's five patent suits against TVision and twelve total are more than sufficient to constitute a series, and that Nielsen has not prevailed in a single case that has reached judgment. (Opp. at 16–19.) Nielsen's reply brief abandons the arguments against the series exception that it had raised in its opening brief. Instead, Nielsen now argues that its five lawsuits against TVision cannot satisfy the series exception because they were not "simultaneous," as they were filed "across four years." (Rep. at 7–8.) That is textbook "impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which [TVision] cannot respond." *Fifth Mkt., Inc.*, 2013 WL 3063461, at *1 n.2. A sur-reply is warranted to address this new—and meritless—argument.

The arguments and cases described above were improperly raised for the first time in Nielsen's reply. Moreover, TVision respectfully submits that Nielsen's newfound positions are based on a misreading of the law, and the Court will benefit from TVision's response. Accordingly, TVision respectfully requests leave to file its proposed sur-reply.

<table>
<tr><td></td><td>/s/ Andrew E. Russell</td></tr>
<tr><td></td><td>Andrew E. Russell (No. 5382)</td></tr>
<tr><td></td><td>Nathan R. Hoeschen (No. 6232)</td></tr>
<tr><td>OF COUNSEL:</td><td>SHAW KELLER LLP</td></tr>
<tr><td>Jason Xu</td><td>I.M. Pei Building</td></tr>
<tr><td>RIMÔN LAW P.C.</td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>1990 K. Street, NW, Suite 420</td><td>Wilmington, DE 19801</td></tr>
<tr><td>Washington, DC 20006</td><td>(302) 298-0700</td></tr>
<tr><td>(202) 470-2141</td><td>arussell@shawkeller.com</td></tr>
<tr><td></td><td>nhoeschen@shawkeller.com</td></tr>
<tr><td>Eric C. Cohen</td><td>*Attorneys for Defendant/Counterclaim Plaintiff*</td></tr>
<tr><td>RIMÔN LAW P.C.</td><td>*TVision Insights, Inc.*</td></tr>
<tr><td>4030 Wake Forest Road, Suite 300</td><td></td></tr>
<tr><td>Raleigh, NC 27609</td><td></td></tr>
</table>

4

(984) 960-2860

Steig D. Olson
Sami H. Rashid
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Patrick D. Curran
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
11 Huntington Avenue, Suite 5200
Boston, MA 02199
(617) 712-7100

Adam B. Wolfson
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Benjamin D. Brown
Richard A. Koffman
Daniel McCuaig
COHEN MILSTEIN SELLERS
 & TOLL PLLC
1100 New York Ave NW, Suite 800
Washington, DC  20005
(202) 408-4600

Dated: March 19, 2026

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

TVision Insights, Inc. hereby certifies that a reasonable effort has been made to reach agreement with The Nielsen Company (US), LLC regarding TVision Insights, Inc.'s Motion for Leave to File a Sur-Reply Brief. The parties were unable to reach agreement.

*/s/ Andrew E. Russell*
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant/Counterclaim*
*Plaintiff TVision Insights, Inc.*

Dated: March 19, 2026

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, this document was served on the persons listed

below in the manner indicated:

**BY EMAIL:**

David E. Moore
Bindu A. Palapura
Andrew M. Moshos
Malisa C. Dang
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com
mdang@potteranderson.com

Steven Yovits
Jason P. Greenhut
Douglas Lewis
Matthew Kennison
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312) 857-7070
syovits@kelleydrye.com
jgreenhut@kelleydrye.com
dlewis@kelleydrye.com
mkennison@kelleydrye.com

/s/ Andrew E. Russell
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant/Counterclaim
Plaintiff TVision Insights, Inc.*

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 25-575-CJB |
| | ) |
| TVISION INSIGHTS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| TVISION INSIGHTS, INC., | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Counter-Defendant. | ) |

## [PROPOSED] ORDER

At Wilmington this _____ day of _____, 2026, having considered

TVision Insights, Inc.'s Motion for Leave to File a Sur-Reply, and all papers and argument

submitted in connection therewith;

IT IS HEREBY ORDERED that the motion is GRANTED. TVision may file the sur-

reply brief attached as Exhibit A to its motion.

_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-575-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | |
| | ) | **CONFIDENTIAL –** |
| Defendant. | ) | **FILED UNDER SEAL** |
| _____ | ) | |
| | ) | |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**TVISION INSIGHTS, INC.'S SUR-REPLY IN OPPOSITION TO THE NIELSEN COMPANY (US), LLC'S MOTION TO DISMISS TVISION INSIGHTS, INC.'S <u>COUNTERCLAIMS</u>**

<table>
<tr><td></td><td>Andrew E. Russell (No. 5382)</td></tr>
<tr><td></td><td>Nathan R. Hoeschen (No. 6232)</td></tr>
<tr><td>OF COUNSEL:</td><td>SHAW KELLER LLP</td></tr>
<tr><td>Jason Xu</td><td>I.M. Pei Building</td></tr>
<tr><td>RIMÔN LAW P.C.</td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>1990 K. Street, NW, Suite 420</td><td>Wilmington, DE 19801</td></tr>
<tr><td>Washington, DC 20006</td><td>(302) 298-0700</td></tr>
<tr><td>(202) 470-2141</td><td>arussell@shawkeller.com</td></tr>
<tr><td></td><td>nhoeschen@shawkeller.com</td></tr>
<tr><td>Eric C. Cohen</td><td>*Attorneys for Defendant/Counterclaim*</td></tr>
<tr><td>RIMÔN LAW P.C.</td><td>*Plaintiff TVision Insights, Inc.*</td></tr>
<tr><td>4030 Wake Forest Road, Suite 300</td><td></td></tr>
<tr><td>Raleigh, NC 27609</td><td></td></tr>
<tr><td>(984) 960-2860</td><td></td></tr>
</table>

Steig D. Olson
Sami H. Rashid
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Patrick D. Curran
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
11 Huntington Avenue, Suite 5200
Boston, MA 02199
(617) 712-7100

Adam B. Wolfson
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Benjamin D. Brown
Richard A. Koffman
Daniel McCuaig
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave NW, Suite 800
Washington, DC  20005
(202) 408-4600

Dated: March 19, 2026

## TABLE OF CONTENTS

**Page**

ARGUMENT ....................................................................................................................................1

I.    THERE IS NO CLAIM SPLITTING ..............................................................................1

II.    NIELSEN'S PATENT SUITS CONSTITUTE A SERIES ................................................3

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acosta v. Gaudin*,
  2017 WL 4685548 (W.D. Pa. Oct. 18, 2017) ..............................................................2

*Bayer Healthcare LLC v. Second Stone Enters. LLC*,
  2025 WL 1531237 (D.N.J. May 29, 2025) ..................................................................4

*Blue Note, Inc. v. City of Chicago*,
  2025 WL 2762601 (N.D. Ill. Sept. 25, 2025) .............................................................2

*California Motor Transp. Co. v. Trucking Unlimited*,
  404 U.S. 508 (1972)......................................................................................................4

*ERBE Elektromedizin GmbH v. Canady Tech. LLC*,
  629 F.3d 1278 (Fed. Cir. 2010)................................................................................3, 4

*Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*,
  806 F.3d 162 (3d Cir. 2015).....................................................................................4, 5

*Napper v. Jaynes*,
  2022 WL 2651854 (W.D. Ky. July 8, 2022) ...............................................................2

*Primetime 24 Joint Venture v. Nat'l Broad., Co.*,
  219 F.3d 92 (2d Cir. 2000)........................................................................................3, 4

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*,
  273 Fed. App'x 256 (4th Cir. 2008) ............................................................................2

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*,
  329 F. Supp. 2d 574 (D. Md. 2004) .............................................................................3

*Sturns v. Kroger Co.*,
  2023 WL 5312213 (N.D. Tex. Aug. 16, 2023)............................................................1

*USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council,
AFL-CIO*,
  31 F.3d 800 (9th Cir. 1994) .....................................................................................4, 5

*Waugh Chapel S., LLC v. United Food & Com. Workers Union Loc. 27*,
  728 F.3d 354 (4th Cir. 2013) .......................................................................................4

**ARGUMENT**

**I.    THERE IS NO CLAIM SPLITTING**

In its opposition brief, TVision showed that all the cases cited by Nielsen to support its claim-splitting argument involved a *plaintiff* trying to maintain two or more overlapping actions *at the same time*. (D.I. 62 ("Opp.") at 6–7.) Here, TVision maintains a single set of counterclaims. In reply, Nielsen now argues that courts should dismiss new claims even when duplicative actions "are no longer simultaneously pending" if the actions were simultaneous *at any point in the past*. (*See* D.I. 65 ("Rep.") at 2.)

Putting aside the facially irrational nature of Nielsen's argument that TVision's counterclaims should be dismissed because of a 37-day period of overlap,[1] Nielsen's new out-of-circuit authorities say no such thing. Nielsen's cases stand only for the proposition that a *plaintiff* cannot pursue a second lawsuit to circumvent an unfavorable *ruling* on *identical claims* in a prior lawsuit. In *Sturns*, the plaintiff sought to litigate a second employment discrimination lawsuit asserting Title VII claims, after a sister court twice denied extension requests to add those same claims in a prior action. *Sturns v. Kroger Co.*, 2023 WL 5312213, at *1–3, 6 (N.D. Tex. Aug. 16, 2023). *Sturns* relied on *Sensormatic*, another new case Nielsen cites, which affirmed dismissal on claim-splitting grounds where the plaintiff "sought to circumvent" a denial of leave to amend by

---

[1]    TVision's two sets of counterclaims were simultaneously pending for just 37 days while TVision promptly sought Nielsen's consent to efficiently consolidate the two actions, which Nielsen refused. (*See* Opp. at 8.) The implication of Nielsen's new argument is that if TVision had voluntarily dismissed its first counterclaims *before* filing its up-to-date counterclaims, there would be no claim splitting. In other words, Nielsen argues that TVision should be penalized for this short overlap while it sought Nielsen's position on consolidation—with the penalty being that TVision has no counterclaims at all. That is obviously not the law.

filing "the same claim in a new lawsuit … the day after" the unfavorable ruling. *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. App'x 256, 265 (4th Cir. 2008).[2]

Nothing of the sort happened here. TVision is not a plaintiff filing a new action to circumvent an unfavorable ruling in a prior action; it is a counterclaimant asserting counterclaims as a matter of right, in a lawsuit *Nielsen* initiated. Nielsen has failed to cite a single case holding this is improper. None of Nielsen's cases holds that a victim of an ongoing anticompetitive scheme cannot file up-to-date counterclaims when it is baselessly sued by an alleged monopolist. Indeed, none involve counterclaims at all.

Nielsen states that TVision "does not dispute" that it "could have asserted all its theories in its first counterclaim." (Rep. at 1.) But TVision absolutely disputes this. TVision's opposition brief explained that its current counterclaims "substantively differ" from its prior ones, including because Nielsen filed *two more suits* against TVision after TVision filed its earlier counterclaims and after the amendment deadline in the prior case had passed. (Opp. at 8 n.4.) Those new suits, and the serial litigation theory they support, could not have been alleged in TVision's first counterclaims. Moreover, TVision's current counterclaims also allege how Nielsen has foreclosed

---

[2]  Nielsen's other authorities are similarly inapposite. (*See* Rep. at 3 & n.2.) The plaintiff in *Napper* filed a second civil rights lawsuit against a police officer to circumvent the dismissal of that officer and denial of a motion for leave to amend in a first-filed lawsuit. *Napper v. Jaynes*, 2022 WL 2651854, at *1 (W.D. Ky. July 8, 2022). In *Blue Note*, the court dismissed the second-filed federal action because the plaintiff could have brought its federal constitutional claims in its prior state court action, which had been dismissed as moot. *Blue Note, Inc. v. City of Chicago*, 2025 WL 2762601, at *8 (N.D. Ill. Sept. 25, 2025). *Acosta* involved two suits that were simultaneously pending at the time the defendant moved to dismiss on claim-splitting grounds, which is plainly not the case here as TVision explained in its opposition brief. *Acosta v. Gaudin*, 2017 WL 4685548, at *1 (W.D. Pa. Oct. 18, 2017).

TVision from converting customers away from Nielsen up to the present day. (*See, e.g.*, ¶¶34–35, 57–58, 182, 189.)[3]

TVision has merely sought to present its full antitrust counterclaims, with up-to-date allegations, in a single action. That is both proper and efficient. In contrast, Nielsen's second-guessing of TVision's litigation decisions leads to an absurd conclusion: if dismissing the first counterclaims and proceeding with updated ones was improper, and leave to amend the prior counterclaims would have been denied, as Nielsen posits, then TVision's only option under Nielsen's logic was to maintain two fragmented sets of counterclaims, with the second set alleging the facts and theories that could not have been alleged in the first set. That is precisely the inefficient, "piecemeal" litigation that the claim-splitting doctrine guards against. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 581 (D. Md. 2004). Nielsen cannot have it both ways.

## II.   NIELSEN'S PATENT SUITS CONSTITUTE A SERIES

Nielsen no longer disputes that courts assess serial petitioning claims under a flexible standard that does not require every suit in the series to be a sham. (*See* Rep. at 7.) Instead, it now argues that its lawsuits were not sufficiently "simultaneous" to trigger the series exception, because they were not filed all at once. (Rep. at 7–8 (quoting *ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278, 1291 (Fed. Cir. 2010)).)

Nielsen's new argument rests on a misreading of *ERBE*, which borrowed the phrase "simultaneous and voluminous" from *Primetime*, which itself was merely quoting the plaintiff's complaint, not announcing a legal standard. *See Primetime 24 Joint Venture v. Nat'l Broad., Co.*,

---

[3]   Herein, TVision's Counterclaims, D.I. 30, are cited by paragraph numbers of the counterclaims, which start on page 12 of the Answer and Counterclaims, as follows: "(¶__.)."

219 F.3d 92, 101 (2d Cir. 2000). The plaintiff's "simultaneous" descriptor fit the unique anticompetitive scheme there: multiple TV networks had allegedly coordinated to file thousands of "signal-strength challenges" with the FCC at the same time to maximize expense on a satellite operator. *See id.*; *see also USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 804 (9th Cir. 1994) (unions filed "automatic" computer-generated challenges to a non-union contractor's permits). But neither *ERBE*, nor *Primetime*, nor *USS-POSCO* imposed any "simultaneity" requirement to meet the series exception. *ERBE* focused on the *number* of lawsuits and held three did not constitute a series. *ERBE*, 629 F.3d at 1291. *Primetime* explained that a series is merely a "pattern" of lawsuits. *Primetime*, 219 F.3d at 101 (quoting *USS-POSCO*, 31 F.3d at 811).

In *Hanover*, the Third Circuit held that four instances of petitioning activity instituted "at separate times" (Rep. at 7) met the series exception. *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*, 806 F.3d 162, 181 (3d Cir. 2015) (no "minimum number requirement" but four instances sufficient for a series). Other courts have also made clear that it is not necessary for suits to be filed at the same time to trigger the series exception. In *Waugh Chapel*, the improper petitioning activity spanned three years. *Waugh Chapel S., LLC v. United Food & Com. Workers Union Loc. 27*, 728 F.3d 354, 357–58 (4th Cir. 2013). And in *Bayer*, the court held five lawsuits filed over two years—including four against third parties—stated a serial litigation claim. *Bayer Healthcare LLC v. Second Stone Enters. LLC*, 2025 WL 1531237, at *2 & n.3 (D.N.J. May 29, 2025).

Nielsen's "simultaneous" rule does not just lack case support, it is also illogical. In *California Motor*, the seminal case that created the series exception, the Supreme Court held that "a pattern of baseless, repetitive claims may emerge which leads the factfinder to conclude that

4

the … judicial processes have been abused." *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972). A "*pattern* of baseless, *repetitive* claims" would not be filed at the same time, but would be filed in a *series*—which is why the exception is called the "series" exception. *Id.* (emphasis added). And courts recognize that "pattern cases" pose "a greater risk of antitrust harm" than a single sham suit, *Hanover*, 806 F.3d at 180, because of the "crushing burden" of having to defend against sustained litigation. *USS-POSCO*, 31 F.3d at 804.

Here, Nielsen filed five patent suits against TVision in just three-and-a-half years, with three suits still simultaneously pending: this action, C.A. No. 22-1345-CJB, and C.A. No. 22-57-CJB. That number of lawsuits, over that timeframe, is more than sufficient to constitute a series, even without considering Nielsen's harassing suits against TVision's partners. [4] Moreover, Nielsen's continued filing of lawsuits over the course of years has succeeded in grinding TVision down. Contrary to Nielsen's assertion (Rep. at 8), TVision squarely alleges that Nielsen's litigation campaign has "overwhelmed" the company. (*See, e.g.*, ¶¶106, 111, 115, 184–185; *see also* Opp. at 13 ███████████████████████████████

███████████

---

[4]    Nielsen wrongly claims that "TVision offers no explanation for how the *process* of litigation against *other* companies could cause TVision any harm." (Rep. at 8 (emphasis in original).) TVision alleges precisely that harm. (*See, e.g.*, ¶¶88, 98, 115, 184.) As TVision previously explained: "Nielsen's campaign has disrupted TVision's business relationships with existing customers and suppliers" such as ACRCloud and VideoAmp, which have been saddled with litigation costs merely for doing business with TVision, while "deterring prospective ones 'who fear associating with a company that has become a target of Nielsen.'" (Opp. at 20 (quoting ¶184).)

OF COUNSEL:
Jason Xu
RIMÔN LAW P.C.
1990 K. Street, NW, Suite 420
Washington, DC 20006
(202) 470-2141

Eric C. Cohen
RIMÔN LAW P.C.
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609
(984) 960-2860

Steig D. Olson
Sami H. Rashid
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Patrick D. Curran
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
11 Huntington Avenue, Suite 5200
Boston, MA 02199
(617) 712-7100

Adam B. Wolfson
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

/s/ Andrew E. Russell
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant/Counterclaim Plaintiff
TVision Insights, Inc.*

6

Benjamin D. Brown
Richard A. Koffman
Daniel McCuaig
COHEN MILSTEIN SELLERS
 & TOLL PLLC
1100 New York Ave NW, Suite 800
Washington, DC  20005
(202) 408-4600

Dated: March 19, 2026