**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 25-575-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE A SUR-REPLY**

TVision's motion for leave to file a sur-reply is nothing more than a request for a do-over on its response to Nielsen's motion to dismiss. TVision argues Nielsen asserted new arguments on reply, but in fact, the only new arguments present in TVision's motion are the arguments raised *by TVision* in its proposed sur-reply. (*See* D.I. 66 ("Mot.") at 1–4; D.I. 66-2 ("Proposed Sur-Reply") at 1–2.) Nielsen's reply expounded on arguments it raised in its motion to dismiss and responded directly to arguments TVision made in response. There is no basis for TVision's motion for sur-reply, other than TVision's desire to redo its response and have the last word. Accordingly, Nielsen respectfully requests that the Court deny TVision's motion.

**LEGAL STANDARD**

Motions for leave to file sur-reply briefs are disfavored when prohibited by this Court's rules. *See Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 22-1387-GBW, 2025 WL 3167068, at \*35 (D. Del. Sept. 16, 2025) ("Motions for leave to file reply briefs are highly disfavored where the reply brief is prohibited by a rule or the operative scheduling order"); *see also* D. Del. LR 7.1.2(b) ("no additional papers [after the reply] shall be filed absent Court approval."). "Few grounds overcome this disfavor." *Acadia Pharms.*, 2025 WL 3167068 at \*35. And while new arguments raised in a reply brief might provide grounds for a sur-reply, Courts in

this district routinely recognize "content from an opposition brief is not new if it is directly responsive to arguments made in the opening brief" and where, as here, "the evidence, facts and arguments in the opposition brief are not new, they do not open the door to an expansion of briefing." *Id*. (internal citations and quotations omitted).

<u>**ARGUMENT**</u>

I.     **Nielsen Properly Replied To TVision's Opposition And Did Not Raise A New Claim Splitting Argument.**

Nielsen's claim splitting argument on reply directly responded to TVision's opposition and did not raise new issues. In its motion to dismiss, Nielsen described how TVision filed its first counterclaim in Case No. 22-cv-1345, then filed a "substantially similar counterclaim" in this case, and then "voluntarily dismissed its first counterclaim," arguing "that maneuver does nothing to cure its violation of the claim-splitting doctrine," but rather only "underscores" the claim-splitting problem TVision created. (D.I. 50 at 6–7.) In opposition, TVision argued only that there is no claim splitting when "there is only one set of counterclaims pending," and specifically that its hasty voluntary dismissal following Nielsen's refusal to consolidate the cases cured the claim splitting problem, that no court had held claim splitting applied in this scenario and that Nielsen had not cited a case to the contrary, and further that "many courts have specifically rejected Nielsen's argument that the rule against claim splitting applies where, as here, the initial suit was dismissed without prejudice." (*See* D.I. 62 at 2, 6–8.)

In its reply, Nielsen responded *directly* to those very arguments: it specifically rebutted TVision's misreading of the claim splitting doctrine, distinguished each of TVision's cited cases, and provided multiple examples in which courts had indeed dismissed subsequently filed cases

2

even where the first case had been dismissed without prejudice.[1] (D.I. 65 at 2–3.) This is exactly how a reply brief is intended to operate, as this Court has recognized numerous times. *See Siemens Med. Sols. USA, Inc. v. Humedica, Inc.*, C.A. No. 14-880-LPS-CJB, 2015 WL 1738186, at \*1 (D. Del. Apr. 8, 2015) (Burke, J.) ("[T]he complained-of material was responsive to theories and arguments raised in Plaintiff's answering brief, which themselves were relevant to topics addressed in Defendant's opening brief. Therefore, the motion seeking leave to file a sur-reply is DENIED."); *Trans Video Elecs., Ltd. v. Netflix, Inc.*, C.A. No. 12-1743-LPS, 2014 WL 900929, at \*1 n.1 (D. Del. Mar. 4, 2014) (Burke, J.), *report and recommendation adopted*, C.A. No. 12-1743-LPS, 2014 WL 1268680 (D. Del. Mar. 26, 2014) (same); *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc.*, C.A. No. 15-137-LPS-CJB, 2016 WL 626495, at \*1 n.1 (D. Del. Feb. 16, 2016) (Burke, J.), *report and recommendation adopted sub nom. Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, C.A. No. 15-137-LPS-CJB, 2016 WL 1253472 (D. Del. Mar. 30, 2016) ("The Court has determined, however, that the arguments offered in Defendants' reply brief are proper (and are not 'new'), because they either expound on arguments made in Defendants' opening brief, or because they involve content that is directly responsive to arguments made in Plaintiff's answering brief.").

A review of TVision's proposed argument only confirms that TVision simply wants a do-over on its response. The proposed sur-reply itself raises a new issue, wherein TVision attempts to draw a distinction between counterclaimants and plaintiffs in the application of the rule against claim splitting. (*See* Proposed Sur-Reply at 1–2.) As an initial matter, TVision could have raised this new argument in its opposition brief but chose not to. The argument is waived, and TVision cannot raise it now. *See, e.g., Thompson v. AT&T Corp.*, 371 F. Supp. 2d 661, 679 (W.D. Pa. 2005)

---

[1] TVision argues that it "distinguished" Nielsen's cases and "Nielsen's reply brief abandons the case law it relied on." (Mot. at 2–3.) This is incorrect. Nielsen did not abandon any case; it directly addressed TVision's incorrect reading of the claim-splitting doctrine raised in its response brief.

(inappropriate to raise new arguments in a sur-reply). TVision's proposed supplemental briefing also fails to explain why claim-splitting plaintiffs and claim-splitting counterclaimants should be treated differently in these circumstances and offers no legal authority justifying that position. Indeed, as Nielsen explained in its motion to dismiss, the rule against claim splitting applies to counterclaimants who, like TVision, elect to take the offensive by filing counterclaims. (*See* D.I. 50 at 5 n.4 (citing *Nalco Co. v. Chen,* 843 F.3d 670, 674 (7th Cir. 2016) (explaining that when a defendant in a civil action elects to assert counterclaims, the rule against claim splitting obligates it to raise all claims that stem from the same transaction or series of related transactions, even if some of those counterclaims would have been permissive)).)

The claim-splitting issue was raised by Nielsen in its opening motion, and Nielsen's reply properly and directly addressed the arguments TVision chose to make in opposition. A sur-reply is therefore unwarranted.

## II.    Nielsen Properly Asserted that TVision Did Not Dispute That Its Counterclaims Were Substantially Similar.

TVision takes issue with Nielsen's statement that TVision "does not dispute" that its current and prior counterclaims "both arise from the same underlying facts, or that it could have asserted all its theories in its first counterclaim." (Mot. at 3.) According to TVision, its supposed dispute appears in a single, cursory footnote, where the only asserted basis for claiming the counterclaims "substantively differ" is that Nielsen filed two additional patent actions after TVision lodged its initial counterclaim. (Mot. at 3 (citing D.I. 62 at 8 n.4).) That footnote does not do the work TVision assigns it. Far from engaging with the detailed claim-splitting analysis set forth in Nielsen's opening brief, it merely notes the existence of later-filed patent cases. (*Compare* D.I. 62 at 8 n.4 *with* D.I. 50 at 5–6.) In the response to the motion to dismiss, TVision made no meaningful effort to dispute that its counterclaims arise from the same underlying facts or that it

could have asserted the same exclusive dealing theories grounded in Nielsen's contracting practices in its initial counterclaim. Instead, in a footnote, TVision stated only that two additional patent suits now exist, which does not address, much less rebut, Nielsen's claim-splitting analysis.[2]

Contrary to its purported justification for a sur-reply, TVision does not seek to "correct a demonstrable inaccuracy." The reality is TVision never meaningfully disputed that its counterclaims differ, or that the legal theories it now advances could not have been asserted in its original counterclaim, and its proposed sur-reply does nothing to change that. It merely reiterates the same footnote concerning Nielsen's two subsequently filed patent actions and appends the conclusory assertion that "Nielsen has foreclosed TVision from converting customers away from Nielsen up to the present day." (Proposed Sur-Reply at 2–3.) Even now, however, TVision fails to explain why its claims could not have been brought at the time it filed its first counterclaim, or how the foreclosure theories advanced in this counterclaim "significantly differ" from the refusal to deal theories raised in its first counterclaim. Nor could it, given how broadly the Third Circuit looks at whether two suits are based on the same cause of action. *See CoreStates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187, 194 (3d Cir. 1999) ("In deciding whether two suits are based on the same 'cause of action,' [the Third Circuit] take[s] a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'"). TVision's motion should be denied.

---

[2] TVision relies upon *Chase Bank USA N.A. v. Hess Kennedy Chartered LLC,* 589 F. Supp. 2d 490, 504 (D. Del. 2008), for the proposition that "Courts may also grant motions for leave to file a sur-reply to correct a demonstrable inaccuracy." (Mot. at 3.) That case bears no resemblance to this one, however, but instead concerned the defendants' numerous "apparent misrepresentations" in their reply brief regarding who and why thousands of form dispute letters were sent, an apparent misrepresentation made to the Florida Supreme Court, and misrepresentations about the operation of the defendants' website.

**III.     Nielsen Properly Replied To TVision's Opposition Regarding Serial Litigation.**

Finally, TVision argues Nielsen "abandon[ed] the arguments against the series exception that it had raised in its opening brief" to assert what it calls a "new" argument—*i.e.*, "that [Nielsen's] lawsuits were not sufficiently 'simultaneous' to trigger the series exception." (Mot. at 3–4.) This is not a new argument, and Nielsen did not abandon any of the arguments it made in its motion to dismiss. On the contrary, Nielsen stood by its opening brief and expounded upon the same in its reply: Federal Circuit law applies, Federal Circuit law has not embraced the *POSCO* standard (certainly not on these facts), and most importantly, the pattern of litigations in this case is "nothing like" the *POSCO* cases, making the series exception inapplicable here. (*Compare* D.I. 50 at 20–21 (explaining, in its opening brief, that the *POSCO* standard looks to whether a series of cases is "simultaneous and voluminous"; stating this case is "*nothing like*" the *POSCO* cases) *with* D.I. 65 at 7–8 (And in reply: "Nothing in TVision's allegations here resembles the sort of 'simultaneous and voluminous' proceedings to which the serial-litigation standard applies.").

More specifically, in its opening brief, Nielsen explained that the Federal Circuit declined to apply *POSCO* in the context of three relevant lawsuits that were "not 'simultaneous and voluminous'" and argued that the cases that have applied the *POSCO* standard are inapposite to the facts of this case. (D.I. 50 at 20.) Nielsen also specifically argued that the relevant timing of its patent litigations was caused, in part, by the timing of the United States Patent & Trademark Office, and the pattern was "nothing like" the *POSCO* standard—*i.e.*, these were not huge volumes of simultaneously filed cases. (*Id.* at 21 at n. 15). Nielsen also argued that cases applying the serial litigation standard are materially different than this case, specifically because the serial petitioning standard applied when the facts involved "high-volume, ***coordinated union activities*** which included twenty-nine lawsuits and computer-generated ***automatic petitioning***." (*Id.* at 20–21) (emphasis added).

6

Not only did Nielsen address the issue of "simultaneous and voluminous" litigation in its opening brief, but TVision then affirmatively put that same issue front and center in its opposition, arguing (incorrectly) that the timing of Nielsen's lawsuits favored TVision and that it "easily satisfies *Hanover's* 'holistic review.'" (*See, e.g.*, D.I. 62 at 18 ("Nielsen sued TVision and HyphaMetrics on the same day.")). Nielsen's reply expanded on Nielsen's original position and responded to TVision's arguments. That is the ordinary and appropriate function of a reply brief, not the introduction of a new issue. TVision's request for a sur-reply should be denied.

## CONCLUSION

For the reasons stated herein, Nielsen respectfully requests that the Court deny TVision's request for a sur-reply.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ David E. Moore*

David E. Moore (#3983)

Steven Yovits
Douglas Lewis
Jason Greenhut
Matthew Kennison
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

Dated: April 2, 2026
12861913 / 14944.00011

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

7