**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 25-575-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TVISION INSIGHTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER**

OF COUNSEL:

Steven Yovits
Douglas Lewis
Jason Greenhut
Matthew Kennison
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Katherine Dominguez
Eric J. Stock
Brian J. Forsatz
Kate Swisher
Simone B. Yhap
Angelle Henderson
Jefferson E. Bell
Katie Zavadski
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000

Joshua Lipton
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Tel: (202) 955-8500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

James J. Lischeske
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St., Suite 3000
Denver, CO 80202
Tel: (303) 298-5700

Dated: July 22, 2026
13066033 / 14944.00011

Dear Judge Burke:

Nielsen respectfully moves to amend the Scheduling Order (D.I. 24). The Court entered that Order when the only pleaded claim was infringement of a single patent; TVision has since added three antitrust counterclaims challenging at least five separate categories of conduct. Despite Nielsen's diligent pursuit of discovery, a schedule sized for a single-patent case cannot absorb that expansion, and good cause therefore exists to amend. Nielsen's proposed schedule, attached as Ex. 1, moves the deadline for fact discovery by approximately five months, from October 30, 2026, to April 9, 2027, and moves the trial date from November 2027 to July 2028.

## I. BACKGROUND

The Court entered the Scheduling Order on October 28, 2025, when the case involved only an infringement claim of the '642 Patent. On November 10, only 13 days after the parties' requested schedule was entered, TVision filed three Sherman Act counterclaims. D.I. 30, 31. Nielsen promptly moved to dismiss and to stay those counterclaims, but the Court has not yet had the opportunity to rule on those motions. D.I. 49, 50, 54, 55. The counterclaims implicate years of Nielsen's contracting practices with major media companies, and an alleged "sham litigation" scheme involving five patent suits against TVision and additional actions against four non-parties. In opposing Nielsen's motion to stay, TVision argued that its counterclaims assert "anticompetitive conduct . . . on numerous grounds that are unrelated to Nielsen's [patent] lawsuits." D.I. 57 at 1. On May 5, 2026, the Court ruled on the parties' disputes over the scope of antitrust document discovery, requiring Nielsen to add its current / former CEOs as custodians, requiring production of Nielsen's 20 largest contracts and related negotiation materials, and compelling documents concerning Nielsen's decisions to file patent actions against four non-parties (RFP 132). D.I. 96.

Discovery is nowhere close to completion on TVision's complex antitrust counterclaims. To date, TVision has produced ***fewer than 60 documents***, frustrating Nielsen's ability to take discovery from TVision and third parties, identify deponents or prepare for depositions, and properly develop its defenses. The Scheduling Order sets a deadline for substantial completion of document production on September 18, 2026, and close of fact discovery only 42 days later. D.I. 24 ¶¶ 7(a)–(b). Nielsen proposed extending the schedule during a meet and confer on July 2 and provided a written proposal on July 8. TVision sent a counterproposal on July 13 which extended deadlines by only a few weeks. On July 15, Nielsen sent a compromise proposal, which TVision rejected on July 17 without making a counterproposal. *See* Ex. 2. The parties are at an impasse.

## II. ARGUMENT

Absent an imminent ruling dismissing the counterclaims, good cause exists to adapt a schedule built for a single patent into one that accommodates them. Rule 16(b)(4) permits schedule modification for good cause, which "exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *Louis Allis, LLC v. Ideal Elec. Power Co.*, C.A. No. 23-980-CFC-CJB (D. Del. Nov. 4, 2025), D.I. 262 (Burke, J.); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

**A. Nielsen's Proposal Accommodates the Work Left—a Shorter Extension Does Not.**

Good cause supports Nielsen's extension request here because TVision's antitrust counterclaims have generated new productions and discovery obligations that the existing schedule cannot reasonably accommodate. *See Loan Source Inc. v. Newity LLC*, 2025 WL 1795129, at *1 (D. Del. June 30, 2025) ("[w]ith new documents to review, Plaintiffs have good cause to pursue any leads that arise from the new productions"). The dispute is not whether the schedule must move—TVision's own counterproposal moves it. Ex. 2 at 1. The issue is how much it should move.

Nielsen's proposal is carefully calibrated to the additional work needed. Despite the broad expansion of document discovery from the antitrust counterclaims, Nielsen's proposal moves the deadline for substantial completion of document productions by only three weeks, to October 9, 2026. It then provides six months (26 weeks) for the important period between substantial completion and close of fact discovery. That time is necessary because during that interval the parties will have to (1) review tens if not hundreds of thousands of documents (1-2 months), and then (2) conduct third-party discovery (another 1-2 months), and (3) complete 50 hours per side of party, Rule 30(b)(6), and third-party depositions (another 1-2 months). D.I. 24 ¶ 7(e). The 42 days for that interval in the current schedule, or 63 days in TVision's counterproposal, *see* Ex. 2 at 1, are not nearly sufficient and reflect time periods appropriate for a single patent infringement issue, not broad antitrust claims. TVision's counterclaims implicate discovery over issues such as relevant market definition, the negotiation of Nielsen's contracts with major customers over many years, TVision's efforts to compete and the causes of any alleged lack of success, litigation-decision documents requiring privilege review, and numerous materials held by third parties whom neither side controls. It is notable that neither side has yet noticed a single deposition.

The same problem infects TVision's expert schedule, which requires opening reports on December 18—only 28 days after the close of fact discovery—with rebuttal reports due over the year-end holidays. Ex. 2 at 1. That sequence is not workable, particularly given that (if Nielsen's motion to dismiss is not granted) the case will now require not only expert reports and depositions on infringement, invalidity, and patent damages—but also market definition/power, antitrust injury, and antitrust damages. Nielsen's proposal maps each interval to identified work. It allots sufficient time in the expert schedule to cover both sets of claims, expands the time for rebuttal reports by less than two weeks, and provides ten weeks for consolidated summary judgment and *Daubert* briefing. It also preserves the interval between dispositive motions and trial.

**B. Nielsen Acted Diligently.**

TVision protests that the schedule has "been in place for over eight months." Ex. 2 at 1. Nielsen promptly moved to dismiss and stay the antitrust counterclaims, which would have alleviated the problem with the patent-focused schedule that TVision negotiated while holding its antitrust counterclaims up its sleeve. And despite these pending motions, Nielsen has diligently pursued discovery, including responding to TVision's First Set of RFPs and Interrogatories, producing documents on its infringement claim, and negotiating search terms for its production.

On May 5, as noted above, the Court expanded the scope of disputed antitrust document discovery. Nielsen promptly collected the CEO custodians' materials and continued negotiating search terms with TVision. The full scope of documents to be collected and reviewed was not fixed until the parties reached agreement on search terms on June 1—and even then, TVision still

reserved the right to add terms. Before that point, Nielsen could not reliably assess the review population for the CEO documents, the supplementation required for contract negotiation files, or the privilege review needed to respond to RFP 132. Nielsen acted immediately: on June 12, it added 17 people to its review team, and its first- and second-level reviews are still ongoing. Nielsen has produced approximately 50,000 documents to date (in sharp contrast to TVision), including over 6,000 contract- and renewal-related documents with Nielsen's top 20 clients.

Despite Nielsen's sustained efforts, the remaining document review, targeted follow-up, third-party discovery, and necessary party depositions cannot reasonably be completed in the roughly three months left in the fact discovery period—particularly because TVision still has made no meaningful document productions. When it became clear that the schedule would not allow for full and fair discovery, Nielsen raised its concerns at a July 2 meet-and-confer, proposed amended dates on July 8 and July 15, and filed this motion before any affected deadline expired. Nielsen's prompt action within the discovery period constitutes diligence. *See S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521–22 (D. Del. 2010) (movant "acted relatively quickly"); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 374 (D. Del. 2009) (movant acted "shortly after" it could); *see also Frederick v. Avantix Labs., Inc.*, 773 F. Supp. 2d 446, 451 (D. Del. 2011) (sustained discovery throughout the period demonstrates diligence).

**C. The Remaining Good Cause Factors Warrant Extension.**

The remaining good cause factors point the same way. *See British Telecomms. PLC v. IAC/InterActiveCorp*, 2020 WL 3047989, at *2 (D. Del. June 8, 2020) (once diligence is shown, "other considerations . . . come into play," including the importance of the requested relief, any evident gamesmanship, and "the potential prejudice to the opposing party."). If the schedule reflects gamesmanship, it is TVision's: only 13 days after a schedule was entered for a one-patent case, TVision filed in this case counterclaims that it had pleaded two years earlier in a separate action—and it dismissed those earlier counterclaims only after Nielsen lodged a claim-splitting objection. *Nielsen Co. (US), LLC v. TVision Insights, Inc.*, No. 22-cv-1345-CJB (D. Del. Dec. 17, 2025) ("*TVision3*"), D.I. 144. TVision thus submitted a schedule to this Court that it knew could not accommodate the case it was about to create. Nielsen should not be penalized for a mismatch of TVision's making. Nor would it have made sense for Nielsen to raise the scheduling issue earlier, given the pendency of its motions to dismiss/stay and the lack of clarity on how much more time would be needed if the antitrust counterclaims stayed in the case.

Nor is there any prejudice to TVision from amending the schedule: Nielsen's proposal applies equally to both sides, provides the necessary time to develop a complete record on TVision's claims, and keeps the patent and antitrust claims on one track—which TVision agrees is "sensibl[e]." Ex. 2 at 1. Indeed, in a separate patent litigation against Nielsen, TVision itself proposed and agreed to an amended schedule similar to the one Nielsen proposes here. *See TVision3* (Aug. 6, 2025), D.I. 135 (23 weeks between substantial completion and close of fact discovery). And as this Court has recognized in earlier litigation between these parties, some delay and expense do not defeat good cause where the movant acted diligently and the requested change is important. *Nielsen Co. v. TVision Insights, Inc.*, C.A. No. 22-57-CJB (D. Del. Apr. 10, 2025), D.I. 272 at 16–18. Nielsen satisfies that standard. Moreover, under Nielsen's schedule, the antitrust claims are still scheduled to go to trial less than three years after they were filed. For the foregoing reasons, Nielsen respectfully requests that the Court enter the proposed amended schedule attached as Exhibit 1. A proposed order accompanies this motion.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:rms/13066033/14944.00011

cc: Counsel of Record (via electronic mail)